UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| SHEILA LEWIS, Individually and on behalf of a class of Persons similarly situated, | ) ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| SCOTBILT HOMES, INC. | ) ) |
| Defendant. | ) |

Civil Action No.: CV-510-016

## DEFENDANT SCOTBILT'S MOTION TO STAY DISCOVERY AND BRIEF IN SUPPORT

Pursuant to Fed. R. Civ. P. 26, Defendant Scotbilt Homes, Inc. (hereinafter "Scotbilt") moves the Court for an Order staying discovery in the above matter until the Court has ruled upon Scotbilt's pending Fed. R. Civ. P. 9(b), 12(b)(6) Motion to Dismiss filed on this same date.

## ARGUMENT AND CITATION OF AUTHORITY

Plaintiff has filed an eight count Complaint. [See Dkt. Entry No. 1 at 3]. Scotbilt's Motion to Dismiss is a facial challenge to the legal sufficiency of Plaintiff's claims as pled including both substantive and class allegations and Plaintiff's failure to join an indispensable party. It does not involve any issues of fact. The Eleventh Circuit has instructed that "[f]acial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, ***should***… be resolved before discovery begins." Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1367 (11th Cir. 1997) (emphasis added). Because such motions "always present[] purely legal question[s][,] there are no issues of fact because the allegations contained in the pleading are presumed to be true" and "neither the parties nor the

court have any need for discovery before the court rules on the motion." Id. (internal cits. omitted); see also Arriaga-Zacarias v. Lewis Taylor Farms, Inc., No. 7:08-cv-32(HL), 2008 WL 4544470, at * 1 (M.D. Ga. Oct. 10, 2008) (stating "[t]o determine whether a stay is appropriate a district court 'must balance the harm produced by the delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery.'") (internal cit. omitted).

Consistent with Chudasama, this Court has granted motions to stay in situations in which a motion to dismiss may resolve some or all of a plaintiff's pending claims. See e.g. Hernandez Auto Painting and Body Works, Inc. v. State Farm Mutual Auto. Ins. Co., CV408-256 (S.D. Ga. Mar. 23, 2009; Dkt. Entry No. 26) (granting motion to stay discovery during pendency of motion to dismiss filed in lieu of answer.) (Order attached hereto as Exhibit A); Waithe v. Arrowhead Clinic, Inc., et. al., 4:09-cv00021-LGW-GRS (S.D. Ga. Apr. 21, 2009; Dkt. Entry No. 32) (granting same) (Order attached hereto as Exhibit B). Furthermore, other courts within this Circuit have stayed discovery in analogous situations. See e.g. White v. Georgia, 1:07-cv-1739, 2007 WL 3170105, at * 1-2 (N.D. Ga. Oct. 25, 2007) (granting stay of discovery because "[r]esolution of the pending motions to dismiss [might] extinguish some or all of the claims against each defendant, potentially restricting the scope of discovery significantly"); Arriaga-Zacarias, 2008 WL 4544470, at *2 (granting stay of discovery until court ruled on motion to dismiss).

If Scotbilt's Motion to Dismiss is granted even in part, the need for - and in fact the appropriateness of - discovery as to the dismissed claims will be eliminated. The proper scope of discovery under Rule 26 is dictated by the claims or defenses set forth in a well-pleaded complaint and answer. See Fed. R. Civ. P. 26(b)(l) ("[p]arties may obtain discovery regarding

any nonprivileged matter that is relevant to any party's claim or defense..."). Until this Court rules on the Motion to Dismiss and makes a determination as to what constitutes part of a well-pleaded complaint, the appropriate scope of discovery cannot be properly identified.  See Chudasama, 123 F.3d at 1368 (stating that "…any legally unsupported claim that would unduly enlarge the scope of discovery should be eliminated before the discovery stage, if possible.").

Engaging in discovery before Scotbilt's Motion to Dismiss has been resolved would waste the scarce resources of both the Court and the parties. See Chudasama, 123 F.3d at 1368 (stating "[i]f the district court dismisses a nonmeritorious claim before discovery has begun, unnecessary costs to the litigants and to the court system can be avoided" while "[a]llowing a case to proceed through the pretrial processes with an invalid claim that increases the costs of the case does nothing but waste the resources of the litigants in the action before the court, squander scarce judicial resources, and damage the integrity and the public's perception of the federal judicial system").  The Court should therefore issue an Order staying discovery until the Court rules on Scotbilt's pending Motion to Dismiss.  Absent a stay, the Court and the parties will incur substantial discovery-related time and expense; expense which will have been unnecessary if the Court ultimately grants Scotbilit's Motion to Dismiss.

Finally, Plaintiff will not be prejudiced or suffer any harm as a result of a stay of discovery pending a ruling on the Motion to Dismiss. Plaintiff has not alleged and cannot show any urgency that would overcome the appropriateness of a stay of discovery at this time. Accordingly, Scotbilt respectfully requests that the Court stay all discovery until the Court has ruled upon the pending Motion to Dismiss.[1]

---

[1] Scotbilt notes that S.D. Ga. L.R. 26(d)(i) provides that unless otherwise ordered, "[t]he parties shall serve all written discovery on opposing parties and shall complete all depositions within 140 days of the filing of the last answer of the defendants named in the original complaint."  While this rule could perhaps be read to suggest that the 140-day period for completion of discovery does not ordinarily commence at a point prior to the filing of an answer,

Respectfully submitted, this 3rd day of May, 2010.

|  |  |
|---|---|
|  | GILBERT, HARRELL, SUMERFORD & MARTIN, P.C. |
|  |  |
|  | *s/ James L. Roberts, IV* <br> Wallace E. Harrell <br> Georgia Bar No.: 328800 <br> James L. Roberts, IV <br> Georgia Bar No.: 608580 <br> Jeffrey S. Ward <br> Georgia Bar No.: 737277 <br> Jason M. Tate <br> Georgia Bar No. 250827 |
| 777 Gloucester Street <br> Post Office Box 190 <br> Brunswick, Georgia 31520 <br> Telephone: (912) 265-6700 <br> Facsimile: (912) 264-3917 | *ATTORNEYS FOR DEFENDANT SCOTBILT HOMES, INC.* |
|  |  |
|  | CONNER AND JACKSON, PC <br> Neal L. Conner, Jr. <br> Georgia Bar No.: 182000 |
| P.O. Box 1278 <br> Waycross, GA 31502 <br> Phone: (912)-283-4394 <br> Fax: (912)-285-9813 | *ATTORNEYS FOR DEFENDANT SCOTBILT HOMES, INC.* |

---

Scotbilt acknowledges that in providing the 140 days, the local rule does not specify the commencement of discovery but rather only the conclusion. Therefore, because it appears that a motion to stay discovery is appropriate, Scotbilt brings this motion and respectfully requests that this Court enter a separate order staying discovery in this case pending resolution of Defendants' Motion to Dismiss.

CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of May 2010, I served a true and correct copy of the foregoing **DEFENDANT SCOTBILT'S MOTION TO STAY DISCOVERY AND BRIEF IN SUPPORT**, via the Court's CM/ECF system, which will send an electronic notification of such filing to the following counsel of record:

**Christina D. Crow, Esq.**
**JINKS, CROW & DICKSON, PC**
**P.O. Box 350**
**Union Spring, AL 36089**
**Phone: (334)-738-4225**
**ccrow@jinkslaw.com**

**Tony Center, Esq.**
**LAW OFFICE OF TONY CENTER, PC**
**313 W. York St.**
**Savannah, GA 31401**
**Phone: (912)-233-9696; Fax: (912)-232-8620**
**tonycenter@comcast.net**

and via U.S. Mail to the following attorneys of record:

Joe R. Whatley, Jr., Esq.
Edith M. Kallas, Esq.
WHATLEY DRAKE & KALLAS, LLC
1540 Broadway, 37th Floor
New York, New York 10036

W. Tucker Brown, Esq.
Sara C. Hacker, Esq.
WHATLEY DRAKE & KALLAS, LLC
1000 Park Place Towers
2001 Park Place North
Birmingham, Alabama 35203

Lynn W. Jinks, III, Esq.
Nathan A. Dickson, II, Esq.
JINKS, CROW & DICKSON, PC
P.O. Box 350

Union Spring, AL 36089

David Selby, II, Esq.
KEE & SELBY LLP
1900 International Park, Suite 220
Birmingham, AL 35243

This 3rd day of May, 2010.

<u>*s/ James L. Roberts, IV*</u>
James L. Roberts, IV
Georgia Bar No.: 608580

Post Office Box 190
Brunswick, Georgia 31520
(912) 265-6700