**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**WAYCROSS DIVISION**

| | | |
|---|---|---|
| SHEILA LEWIS, | ) | |
| Individually and on behalf of a class of | ) | |
| Persons similarly situated, | ) | |
| | ) | Civil Action No.: 5:10-CV-016 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| SCOTBILT HOMES, INC. | ) | |
| | ) | |
| Defendant. | ) | |

## ANSWER AND DEFENSES OF DEFENDANT SCOTBILT HOMES, INC.

Pursuant to Fed. R. Civ. Pro. 8 and 12, Defendant Scotbilt Homes, Inc. (hereinafter "the Defendant") responds to Plaintiff's Class Action Complaint as follows:

## AFFIRMATIVE DEFENSES

## FIRST DEFENSE

The Complaint, and each count thereof, fails to state a claim against the Defendant upon which relief can be granted.

## SECOND DEFENSE

This Defendant states that some or all of Plaintiff;s claims against it may be barred by the statute of limitation for each claim asserted by Plaintiff and purported class members.

## THIRD DEFENSE

This Defendant states that the sole proximate cause of the alleged injuries and damages suffered by Plaintiff and any purported class members may have been the actions, nonactions or negligence of a person or persons other than this Defendant, for whose actions, nonactions or

negligence this Defendant is in no way liable. Plaintiff and any purported class members are not, therefore, entitled to recover from this Defendant in this action.

## FOURTH DEFENSE

This Defendant states that the proximate cause of the injuries allegedly sustained by Plaintiff and any purported class members may have been exclusively the combination of actions, nonactions, or negligence of a person or persons other than this Defendant, for whose actions, nonactions, or negligence this Defendant is in no way liable. Plaintiff and any purported class members are therefore not entitled to recover from this Defendant in this action.

## FIFTH DEFENSE

This Defendant states that no actions or non-actions by it constitute the proximate cause of Plaintiff's and any purported class members' alleged injuries. Plaintiff and any purported class members are not, therefore, entitled to recover from this Defendant in this action.

## SIXTH DEFENSE

This Defendant states that the injuries allegedly suffered by Plaintiff and any purported class members are not the foreseeable result of any action or non-action by it, and accordingly, said injuries are too remote to allow a recovery against this Defendant. Plaintiff and any purported class members are not, therefore, entitled to recover from this Defendant in this action.

## SEVENTH DEFENSE

This Defendant states that the injuries allegedly sustained by Plaintiff and any purported class members may have been caused by an intervening, superseding action for which this Defendant is in no way liable.

## EIGHTH DEFENSE

This Defendant is not indebted to or liable to Plaintiff and any purported class members in any manner or amount whatsoever.

## NINTH DEFENSE

Some or all of Plaintiff's and any purported class members' claims may be preempted by federal law.

## TENTH DEFENSE

This Defendant contests the damages and injuries which are being asserted in this claim, and this Defendant demands strict proof thereof.

## ELEVENTH DEFENSE

The alleged injuries and damages suffered by Plaintiff and any purported class members may have been the proximate consequence of misuse and abuse of the product for which this Defendant is not responsible. Plaintiff and any purported class members, therefore, are not entitled to recover from this Defendant in this action.

## TWELVETH DEFENSE

This Defendant admits that certain duties may arise under applicable law but denies that any such duties were breached.

## THIRTEENTH DEFENSE

This Defendant admits that certain warranties may arise by law and the terms of those warranties speak for themselves. This Defendant denies that it breached any warranties, express or implied.

## FOURTEENTH DEFENSE

Plaintiff and any purported class members are not entitled to collect an award of punitive damages from this Defendant because an award of such damages could violate the due process, equal protection and excessive fees clauses of the Georgia and United States Constitution.

## FIFTEENTH DEFENSE

Plaintiff's and any purported class members' claims for punitive damages cannot be sustained because an award of punitive damages under Georgia jury instructions would be unconstitutional since they do not provide constitutionally adequate substantive standards for determining liability for or the appropriate amount of punitive damages, which violates this defendant's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and Article I, Section I, Paragraph I of the Constitution of the State of Georgia.

## SIXTEENTH DEFENSE

Plaintiff and any purported class members are not entitled to collect an award of punitive damages from this Defendant because Defendant has engaged in no such wilful nor wanton conduct which would support an award of punitive damages.

## SEVENTEENTH DEFENSE

Plaintiff's and any purported class members' claims for punitive damages cannot be sustained because, under Georgia law, a jury may award punitive damages against this Defendant even if this Defendant has not engaged in intentionally malicious conduct or had no actual knowledge of malicious conduct, in violation of this defendant's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and Article I, Section I, Paragraph I of the Constitution of the State of Georgia.

## EIGHTEENTH DEFENSE

Plaintiff's and any purported class members' claims for punitive damages cannot be sustained because Georgia law regarding the standards for determining liability for and the amount of punitive damages fails to give this Defendant prior notice of the conduct for which punitive damages may be imposed and are void for vagueness in violation of this defendant's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and Article I, Section I, Paragraph I of the Constitution of the State of Georgia.

## NINETEENTH DEFENSE

Plaintiff's and any purported class members' claims for punitive damages cannot be sustained because, under Georgia law, a jury award of punitive damages is not subject to post-trial and appellate court review under constitutionally adequate objective standards to insure that the award is rationally related to the state's legitimate goals of deterrence and retribution, which violates this defendant's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and Article I, Section I, Paragraph I of the Constitution of the State of Georgia.

## TWENTIETH DEFENSE

Plaintiff's and any purported class members' claims for punitive damages cannot be sustained because, under Georgia law, a jury award of punitive damages is not subject to post-trial review through an evidentiary hearing that requires the trial court to weigh the excessiveness of the award, in violation of this defendant's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and Article I, Section I, Paragraph I of the Constitution of the State of Georgia.

## TWENTY-FIRST DEFENSE

Pursuant to O.C.G.A. § 9-15-4, Defendant is entitled to recover their reasonable attorney's fees for the reason that the Plaintiffs' claims in the Complaint suffer from a complete absence of justifiable facts or law commensurate with the standards set forth in the statute.

## TWENTY-SECOND DEFENSE

Plaintiff and any purported class members lack standing to pursue some or all of the claims alleged.

## TWENTY-THIRD DEFENSE

Plaintiff's and any purported class members' claims are barred in whole or in part by the doctrine of estoppel.

## TWENTY-FOURTH DEFENSE

Plaintiff has failed to join necessary and indispensable parties.

## TWENTY-FIFTH DEFENSE

Defendant's actions were at all times conducted in substantial compliance with all applicable laws, regulations, permits, etc.

## TWENTY-SIXTH DEFENSE

Defendant is informed and believes -- and thereon alleges -- that the damages complained of by Plaintiffs, if there actually are any such damages, said damages being expressly denied by this answering Defendant, were proximately caused by acts of negligence and/or fault of Plaintiffs and/or firms, persons, corporations, or entities other than this answering Defendant, and that such negligence and/or fault comparatively reduces the percentage of any negligence and/or fault attributable to this Defendant or bars this action if it should be found that this answering Defendant was negligent or otherwise at fault, which this answering Defendant

expressly denies.

## TWENTY-SEVENTH DEFENSE

Defendant is informed and believes -- and upon such information and belief alleges -- that Plaintiff and any purported class members, with actual and constructive knowledge of the facts is alleged in the Complaint, were under a duty to mitigate their damages, if any, and Plaintiff and any purported class members have failed to fulfill such duties; as a consequence, this answering Defendant alleges that all damages alleged are the sole and/or proximate result of the failure of Plaintiff and any purported class members to mitigate their damages, if any.

## TWENTY-EIGHTH DEFENSE

Defendant is informed and believes -- and therefore alleges -- that Plaintiff and any purported class members have failed to give due, reasonable, and/or otherwise proper notice of the claimed breach of warranty.

## TWENTY-NINTH DEFENSE

Defendant denies that jurisdiction exists under 28 U.S.C. § 1332(a) as the amount in controversy is Plaintiff's claim does not exceed $75,000.00

## THIRTIEETH DEFENSE

Defendant denies that class action treatment is appropriate in this action and specifically denies that jurisdiction is proper under 28 U.S.C. § 1332(d).

## THIRTY-FIRST DEFENSE

Some or all of Plaintiff's claims and the claims of any purported class members' may be barred by contributory negligence.

## THIRTY-SECOND DEFENSE

Some or all of Plaintiff's claims and the claims of any purported class members' may be barred by collateral estoppel or res judicata.

## THIRTY-THIRD DEFENSE

Some or all of Plaintiff's claims and the claims of any purported class members' may be barred by the statute of frauds.

## THIRTY-FOURTH DEFENSE

Plaintiff's and any purported class members' claims are barred in whole or in part by the doctrine of waiver.

## THIRTY-FIFTH DEFENSE

Plaintiff's and any purported class members' claims are barred in whole or in part by the doctrine of laches.

## THIRTY-SIXTH DEFENSE

Plaintiff's and any purported class members' claims are barred in whole or in part by the doctrine of release.

## THIRTY-SEVENTH DEFENSE

In response to allegations set forth in the numbered paragraphs of the Plaintiff's Complaint, the Defendant states:

## INTRODUCTION

1. Defendant admits that Plaintiff purports to bring the instant action on behalf of herself and other individuals who purchased a manufactured home that was manufactured and sold by Defendant. Defendant denies that Plaintiff's Complaint states a cause of action upon which relief can be granted or that class action treatment of the claims set forth is appropriate.

2.     Defendant admits that when Plaintiff purchased her manufactured home she was provided an insulation disclosure form or other form disclosing the amount and R-Value of the insulation that was installed in her home. Defendant lacks sufficient knowledge concerning whether other similarly situated persons exist, whom the alleged similarly situated persons may be, or whether the alleged similarly situated persons received an insulation disclosure form and/or other forms that disclosed the amount and R-Value of insulation that was installed in their homes. These allegations are therefore denied by operation of law. Defendant denies the remaining allegations of Paragraph 2.

3.     Plaintiff's allegation that provision of an insulation disclosure form is required by the Federal Trade Commission in 16 C.F.R. Part 460 requires a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations as stated. Defendant admits that Plaintiff's actions seeks an order permanently enjoining Defendant from manufacturing and selling homes with a lower R-value of insulation than is represented and requiring Defendant to add more insulation to homes already sold as well as to homes manufactured by Defendant in the future. Defendant denies that Plaintiff or any other past or future purchasers of products from this Defendant are entitled to any relief whatsoever, or that Defendant breached any obligation to this Plaintiff or others or that Defendant committed any of the acts or violations set forth in Paragraph 3. Defendant specifically denies all other allegations set forth in Paragraph 3.

4.     Defendant admits that Plaintiff seeks certification of a Class comprised of all United States residents who purchased a home manufactured and sold by Scotbilt who paid for goods and/or services they did not receive in the form of a lower R-Value of insulation as a result of improper conduct of Defendant. Defendant denies that Plaintiff's Complaint states a cause of

action upon which relief can be granted, that any persons exist who received goods or services in the form of a lower R-value of insulation as a result of any improper conduct of Defendant, and denies that class treatment of the allegations set forth in this Complaint is appropriate. Defendant specifically denies any and all other allegations set forth in Paragraph 4 of Plaintiff's Complaint.

5.      Defendant denies the allegations in Paragraph 5, including sub-paragraphs (a) through (c), of Plaintiff's complaint, both generally and specifically.

6.      Defendant admits that Plaintiff brings the instant Complaint alleging the eight counts set forth in Paragraph 6. Defendant denies that Plaintiff's Complaint states a cause of action upon which relief can be granted, that Defendant committed any actionable wrong under any of the counts set forth in Paragraph 6, or that Plaintiff or any potential class members are entitled to any relief whatsoever under the causes of action set forth in Paragraph 6 of the Complaint.

## JURISDICTION AND VENUE

7.      Defendant denies that the aggregate damages at issue in this matter are in excess of $5,000,000.00, as required for class certification under 28 U.S.C. § 1332(d). Defendant denies that the number of potential class members based on Plaintiff's definition of the Class is either ascertainable or exceeds 100 members as required under 28 U.S.C. § 1332(d.) Defendant admits that it is a resident of the state of Georgia. Defendant denies that jurisdiction is proper under 28 U.S.C. § 1332(d)(2)(A.) Defendant denies that jurisdiction is proper under 28 U.S.C. § 1332(a)(1) as Defendant lacks sufficient knowledge to admit or deny whether Plaintiff is a resident of Florida which allegation is therefore denied by operation of law and denies that Plaintiff's claim exceeds the sum of $75,000.00. Defendant admits jurisdiction is proper under 28 U.S.C. § 1331 for Plaintiff's Federal RICO and Magnuson-Moss Warranty Act claims set forth in Count I and Count IV. Defendant denies that Counts I or IV state claims upon which

relief can be granted and denies that the Court should exercise supplemental jurisdiction over the Plaintiff's state law claims. Any remaining allegations in Paragraph 7 of Plaintiff's Complaint are denied.

8.     Defendant admits that if jurisdiction is found to be proper in this matter, that venue is likewise proper under 28 U.S.C. § 1391.

9.     Defendant admits the allegations in Paragraph 9 of Plaintiff's Complaint.

10.     Defendant admits that its headquarters are located within this District. Defendant denies the remaining allegations in Paragraph 10.

11.     Defendant denies the allegations in Paragraph 11 of Plaintiff's Complaint.

## PARTIES

### Plaintiff

12.     Defendant lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 12 of Plaintiff's Complaint, which are therefore denied by operation of law.

### Defendant

13.     Defendant admits that Scotbilt Homes, Inc. is a Georgia corporation with its principle place of business located at 2888 Fulford Road, Waycross, Georgia 31503 and that Sam P. Scott is its registered agent for service in the state of Georgia. Defendant additionally admits that it manufactures homes in the state of Georgia. Defendant denies that it sells homes throughout the United States. By way of further explanation Defendant states that dealers offering homes manufactured by Defendant exist in Florida, Georgia, Louisiana, Mississippi, North Carolina and South Carolina. Defendant denies any remaining allegations of Paragraph 13.

## FACTS

14.     Defendant admits that Scotbilt installs insulation in homes it manufactures, including the installation of insulation in the roof and/or attic. Defendant denies the remaining allegations in Paragraph 14.

15.     The allegations set forth in Paragraph 15 contain legal conclusions to which no response is required. To the extent that any response is required, Defendant denies the allegations of Paragraph 15 as stated.

16.     The allegations set forth in Paragraph 16 contain legal conclusions to which no response is required. To the extent that any response is required, Defendant denies the allegations of Paragraph 16 as stated.

17.     The allegations set forth in Paragraph 17 contain legal conclusions to which no response is required. To the extent that any response is required, Defendant denies the allegations of Paragraph 17 as stated.

18.     Defendant denies the allegations in Paragraph 18 of Plaintiff's Complaint, both generally and specifically.

19.     Defendant admits that for insulation installed in the roof and/or attic cavity of homes it manufactures, blown insulation manufactured by US GreenFiber LLC or other insulation manufacturers is utilized. Defendant denies the remaining allegations in Paragraph 19.

20.     Defendant admits that the R-value relates to the insulation's resistance to heat flow and that the greater the R-value, the greater the insulating effectiveness. Defendant denies the remaining allegations in Paragraph 20.

21.     Defendant denies the allegations in Paragraph 21 of Plaintiff's Complaint, both generally and specifically.

22.     Defendant admits that it is important to properly install insulation according to the insulation manufacturer's instructions. Defendant denies the remaining allegations set forth in Paragraph 22 as stated.

23.     Defendant denies the allegations in Paragraph 23 of Plaintiff's Complaint, both generally and specifically.

24.     Defendant admits that on December 22, 2000 the Federal Trade Commission issued a letter to Mr. Ivan T. Smith, Technical Director of US GreenFiber LLC, regarding the installation of loose-fill and sprayed insulation. Defendant denies the remaining allegations in Paragraph 24.

25.     Defendant denies the allegations in Paragraph 25 of Plaintiff's Complaint.

26.     Defendant denies the allegations in Paragraph 26 of Plaintiff's Complaint, both generally and specifically.

27.     Defendant denies the allegations in Paragraph 27 of Plaintiff's Complaint, both generally and specifically.

28.     Defendant denies the allegations in Paragraph 28 of Plaintiff's Complaint.

29.     Defendant denies the allegations in Paragraph 29 of Plaintiff's Complaint as stated.

30.     Defendant denies the allegations in Paragraph 30 of Plaintiff's Complaint.

31.     The allegations contained in Paragraph 31 contain legal conclusions to which no response is required. To the extent that a response is required Defendant denies the allegations set forth in Paragraph 31 and denies that it committed any actionable wrongdoing whatsoever.

32.     Defendant denies the allegations in Paragraph 32 of Plaintiff's Complaint, both generally and specifically.

33.     Defendant admits that DAPIAs approve manufactured home designs. Defendant admits that IPIAs evaluate quality control. Defendant denies the remaining allegations in Paragraph 33 as stated.

34.     Defendant denies the allegations in Paragraph 34 of Plaintiff's Complaint.

35.      Defendant denies the allegations in Paragraph 35 of Plaintiff's Complaint.

## SHEILA LEWIS' TRANSACTION

36.     Defendants admits that in May 2005 Plaintiff purchased a manufactured home that was manufactured by Scotbilt with a serial number of SBHGA 1180500605AB. Defendant admits that a Consumer Information Form accompanied the Lewis' home, indicating that the thickness of the insulation in the ceiling was 5.5 inches and had an R-value of R-21. Defendant likewise admits that a document accompanied the Lewis' home, indicating that the U-value was .046. Defendant denies the remaining allegations of Paragraph 36.

## THE INSULATION ENTERPRISE

37.     Defendant denies the allegations in Paragraph 37 of Plaintiff's Complaint.

38.     Defendant denies the allegations in Paragraph 38 of Plaintiff's Complaint.

39.     Defendant denies the allegations in Paragraph 39 of Plaintiff's Complaint.

40.     Defendant denies the allegations in Paragraph 40 of Plaintiff's Complaint.

41.     Defendant denies the allegations in Paragraph 41 of Plaintiff's Complaint.

42.     Defendant denies the allegations in Paragraph 42 of Plaintiff's Complaint as stated.

43.      Defendant denies the allegations in Paragraph 43 of Plaintiff's Complaint.

44.     Defendant denies the allegations in Paragraph 44 of Plaintiff's Complaint.

45.     Defendant denies the allegations in Paragraph 45 of Plaintiff's Complaint.

46.     Defendant denies the allegations in Paragraph 46 of Plaintiff's Complaint.

47.     Defendant denies the allegations in Paragraph 47 of Plaintiff's Complaint.

48.      Defendant denies the allegations in Paragraph 48 of Plaintiff's Complaint.

49.     Defendant denies the allegations in Paragraph 49 of Plaintiff's Complaint.

50.     Defendant denies the allegations in Paragraph 50 of Plaintiff's Complaint.

51.     Defendant denies the allegations in Paragraph 51 of Plaintiff's Complaint.

52.     Defendant denies the allegations in Paragraph 52 of Plaintiff's Complaint.

53.      Defendant denies the allegations in Paragraph 53 of Plaintiff's Complaint.

## CLASS ACTION ALLEGATIONS

54.     Defendant admits that Plaintiff purports to bring this action on behalf of herself and all members of a Class composed of all those persons who purchased a manufactured home that was manufactured by Scotbilt Homes, Inc. who had blown insulation installed in their manufactured home at an insufficient depth to provide the R-Value represented. Defendant denies that Plaintiff is a suitable Class representative, that the Class is ascertainable, or that the class claims set forth herein are suitable for treatment as a class action.

55.     Defendant denies the allegations in Paragraph 55 of Plaintiff's Complaint.

56.     Defendant denies the allegations in Paragraph 56 of Plaintiff's Complaint.

57.     Defendant denies the allegations in Paragraph 57 including sub-paragraphs (a) through (i), of Plaintiff's Complaint.

58.     Defendant denies the allegations in Paragraph 58 of Plaintiff's Complaint.

59.      Defendant denies the allegations in Paragraph 59 of Plaintiff's Complaint.

60.     Defendant lacks sufficient knowledge to admit or deny the allegations in Paragraph 60 of Plaintiff's Complaint, which are therefore denied as an operation of law.

61.     Defendant denies the allegations in Paragraph 61 of Plaintiff's Complaint and specifically denies that Plaintiff and potential class members have suffered any harm or that Defendant has engaged in any unlawful or wrongful conduct.

62.     Defendant denies the allegations in Paragraph 62 of Plaintiff's Complaint, and specifically denies that potential class members have suffered any harm whatsoever.

63.     Defendant denies the allegations in Paragraph 63 of Plaintiff's Complaint, and specifically denies that potential class members are entitled to any relief whatsoever or that Defendant committed any wrongdoing.

64.     Defendant denies the allegations in Paragraph 64 of Plaintiff's Complaint.

## COUNT 1

## VIOLATION OF 18 U.S.C. § 1962(c)

65.     Defendant reincorporates by reference its responses to Paragraphs 1 - 64 set forth previously.

66.     Defendant admits that Plaintiff seeks to assert a cause of action in violation of 18 U.S.C. § 1962(c.) Defendant denies that it was a part of any such enterprise or that any violation of 18 U.S.C. § 1962(c) occurred.

67.     Defendant denies the allegations in Paragraph 67 of Plaintiff's Complaint.

68.     Defendant admits that that Plaintiff's and potential class members' homes were properly insulated.  Defendant denies the remaining allegations in Paragraph 68 of Plaintiff's Complaint.

69.     Defendant denies the allegations in Paragraph 69 of Plaintiff's Complaint.

## COUNT II

## VIOLATION OF O.C.G.A. § 16-4-4 (VIOLATION OF THE GEORGIA RICO ACT)

70.     Defendant reincorporates by reference its responses to Paragraphs 1 - 69 set forth previously.

71.      Defendant admits that Plaintiff purports to brings a cause of action for violation of O.C.G.A. § 16-4-4. Defendant denies that any violation to O.C.G.A. § 16-4-4 or O.C.G.A. § 16-14-1, et seq. occurred or that it was a part of any enterprise as alleged.

72.     Defendant denies the allegations in Paragraph 72 of Plaintiff's Complaint.

73.     Defendant admits that that Plaintiff's and potential class members' homes were properly insulated.  Defendant denies the remaining allegations in Paragraph 73 of Plaintiff's Complaint.

74.      Defendant denies the allegations in Paragraph 74 of Plaintiff's Complaint.

## COUNT III

## BREACH OF EXPRESS WARRANTY

75.     The Defendant reincorporates by reference its responses to Paragraphs 1-74 set forth previously.

76.     Defendant admits that a written one year manufacturers warranty accompanies homes manufactured by Scotbilt and warrants among other things the insulation. Plaintiff's allegation that Defendant is required to warrant such homes in terms of insulating capacity and homes compliance with federal regulations for life of such homes states a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies this allegation as stated. Defendant denies the remaining allegations in Paragraph 76.

77.     Defendant denies the allegations in Paragraph 77 of Plaintiff's Complaint.

78.     Defendant denies the allegations in Paragraph 78 of Plaintiff's Complaint.

79.     Defendant denies the allegations in Paragraph 79 of Plaintiff's Complaint and specifically denies that it received timely notice or was given an opportunity to inspect or repair Plaintiff's home.

80.     Defendant denies the allegations in Paragraph 80 of Plaintiff's Complaint.

81.     Defendant denies the allegations in Paragraph 81 of Plaintiff's Complaint.

82.     Defendant denies the allegations in Paragraph 82 of Plaintiff's Complaint.

83.     Defendant denies the allegations in Paragraph 83 of Plaintiff's Complaint.

84.     Defendant denies the allegations in Paragraph 84 of Plaintiff's Complaint.

## COUNT IV

## MAGNUSON-MOSS WARRANTY ACT

85.     The Defendant reincorporates by reference its responses to Paragraphs 1-84 set forth previously.

86.     Defendant admits that Scotbilt provided a written warranty that accompanies all new manufactured mobile homes. Defendant denies the remaining allegations in Paragraph 86.

87.     The allegations set forth in Paragraph 87 state a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in Paragraph 87.

88.     The allegations set forth in Paragraph 88 state a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in Paragraph 88.

89.     The allegations set forth in Paragraph 89 state a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in Paragraph 89.

90.     Defendant denies the allegations in Paragraph 90 of Plaintiff's Complaint.

91.     Defendant denies the allegations in Paragraph 91 of Plaintiff's Complaint and specifically denies that any such defect exists.

92.     Defendant denies the allegations in Paragraph 92 of Plaintiff's Complaint.

## COUNT V

## VIOLATION OF GEORGIA UNIFORM DECEPTIVE TRADE PRACTICES ACT

## (Ga. Code Ann. § 10-1-370)

93.     The Defendant reincorporates by reference its responses to Paragraphs 1-92 set forth previously. Defendant denies the allegations in Paragraph 93 of Plaintiff's Complaint.

94.     Defendant denies the allegations in Paragraph 94 of Plaintiff's Complaint.

95.     Defendant denies the allegations in Paragraph 95 of Plaintiff's Complaint.

96.     Defendant denies the allegations in Paragraph 96 of Plaintiff's Complaint.

## COUNT VI

## BREACH OF CONTRACT

97.     The Defendant reincorporates by reference its responses to Paragraphs 1-96 set forth previously.

98.     Defendant denies the allegations in Paragraph 98 of Plaintiff's Complaint.

99.     Defendant denies the allegations in Paragraph 99 of Plaintiff's Complaint.

100.    Defendant denies the allegations in Paragraph 100 of Plaintiff's Complaint.

<h2 style="text-align:center">COUNT VII</h2>

<h3 style="text-align:center">UNJUST ENRICHMENT</h3>

101.    The Defendant reincorporates by reference its responses to Paragraphs 1-100 set forth previously.

102.    Defendant denies the allegations in Paragraph 102 of Plaintiff's Complaint.

103.    Defendant denies the allegations in Paragraph 103 of Plaintiff's Complaint.

104.    Defendant denies the allegations in Paragraph 104 of Plaintiff's Complaint.

<h2 style="text-align:center">COUNT VIII</h2>

<h3 style="text-align:center">MISREPRESENTATION BY CONCEALMENT</h3>

105.    The Defendant reincorporates by reference its responses to Paragraphs 1-104 set forth previously.

106.    Defendant denies the allegations in Paragraph 106 of Plaintiff's Complaint.

107.    Defendant denies the allegations in Paragraph 107 of Plaintiff's Complaint.

108.    Defendant denies the allegations in Paragraph 108 of Plaintiff's Complaint.

109.    Defendant denies the allegations in Paragraph 109 of Plaintiff's Complaint.

<h3 style="text-align:center">PRAYER FOR RELIEF</h3>

FURTHERMORE, responding to the unnumbered paragraph following Paragraph 109 entitled "Prayer For Relief" which begins with the phrase, "Wherefore, Plaintiff prays for an award against Defendant as follows:", Defendant denies that Plaintiff is entitled to any of the relief requested and requests that all such prayers for relief be denied.

WHEREFORE, Defendant prays that:

a.    Plaintiff's prayer for Class Certification be denied;

b.    Plaintiff's Complaint be dismissed with prejudice;

c.  Defendant be awarded it attorneys' fees and costs in defending this action; and

d.   For any other and further relief that is deemed just and proper by the Court.


RESPECTFULLY SUBMITTED this 3rd day of May, 2010.

GILBERT, HARRELL, SUMERFORD
& MARTIN, P.C.


***s/ James L. Roberts, IV***
Wallace E. Harrell
Georgia Bar No.: 328800
James L. Roberts, IV
Georgia Bar No.: 608580
Jeffrey S. Ward
Georgia Bar No.: 737277
Stephen V. Kinney
Georgia Bar No.: 422101
Jason M. Tate
Georgia Bar No.: 140827

777 Gloucester Street                    *ATTORNEYS FOR DEFENDANT*
Post Office Box 190                      *SCOTBILT HOMES, INC.*
Brunswick, Georgia 31520
Telephone: (912) 265-6700
Facsimile: (912) 264-3917


CONNER AND JACKSON, PC


Neal L. Conner, Jr.
Georgia Bar No.: 182000

P.O. Box 1278                            *ATTORNEYS FOR DEFENDANT*
Waycross, GA 31502                       *SCOTBILT HOMES, INC.*
Phone: (912)-283-4394
Fax: (912)-285-9813

## CERTIFICATE OF SERVICE

This is to certify that I have this date served a copy of the foregoing ANSWER & DEFENSES OF DEFENDANT SCOTBILT HOMES, INC. via the Court's CM/ECF system, which will automatically send e-mail notification of such filing to the following attorneys of record:

Christina D. Crow, Esq.
JINKS, CROW & DICKSON, PC
P.O. Box 350
Union Spring, AL 36089
Phone: (334)-738-4225
ccrow@jinkslaw.com

Tony Center, Esq.
LAW OFFICE OF TONY CENTER, PC
313 W. York St.
Savannah, GA 31401
Phone: (912)-233-9696; Fax: (912)-232-8620
tonycenter@comcast.net

and via U.S. Mail to the following attorneys of record:

Joe R. Whatley, Jr., Esq.
Edith M. Kallas, Esq.
WHATLEY DRAKE & KALLAS, LLC
1540 Broadway, 37th Floor
New York, New York 10036

W. Tucker Brown, Esq.
Sara C. Hacker, Esq.
WHATLEY DRAKE & KALLAS, LLC
1000 Park Place Towers
2001 Park Place North
Birmingham, Alabama 35203

Lynn W. Jinks, III, Esq.
Nathan A. Dickson, II, Esq.
JINKS, CROW & DICKSON, PC
P.O. Box 350
Union Spring, AL 36089

David Selby, II, Esq.
KEE & SELBY LLP
1900 International Park, Suite 220
Birmingham, AL 35243

This 3rd day of May, 2010.

_**s/ James L. Roberts, IV**_
James L. Roberts, IV
Georgia Bar No.: 608580

Post Office Box 190
Brunswick, Georgia 31520
(912) 265-6700