UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | | |
|---|---|---|
| SHEILA LEWIS, | ) | |
| Individually and on behalf of a class of | ) | |
| Persons similarly situated, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No.:   CV510-16 |
| | ) | |
| SCOTBILT HOMES, INC. | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO STAY
DISCOVERY AND MEMORANDUM OF LAW IN SUPPORT THEREOF**

Plaintiff, Sheila Lewis, through her below signed counsel, provides the following response to Defendant's, Scotbilt Homes, Inc, Motion to Stay Discovery and Memorandum of Law in Support of the same.

**ARGUMENT AND CITATION OF AUTHORITY**

While motions to stay discovery may be granted pursuant to Rule 26(c), Fed.R.Civ.P., "the moving party bears the burden of showing good cause and reasonableness." *McCabe v. Foley*, 233 F.R.D. 683, (M.D. Fla. 2006) *citing Feldman v. Flood,* 176 F.R.D. 651, 652 (M.D.Fla.1997). "Such motions are not favored because when discovery is delayed or prolonged it can create case management problems which impede the Court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems." *Feldman*, 176 F.R.D. at 652. "As a result, a request to stay all discovery pending resolution of a motion is rarely appropriate where resolution of the motion will not dispose of the entire case." *Id.*  Typically, the pendency

of a motion to dismiss is not in and of itself grounds for staying discovery. *See, e.g., OMG Fid., Inc. v. Sirius Techs., Inc.*, No. 06-1184, 2006 WL 3359313, at *4 (N.D.N.Y. Nov. 16, 2006) ("The mere filing of a dismissal motion, without more, does not guaranty entitlement to such a stay . . . .") (citations omitted); *Osan Ltd. v. Accenture LLP,* No. 05-5048, 2006 WL 1662612 at *1 (E.D.N.Y. June 13, 2006) ("'The pendency of a dispositive motion is not, in itself, an automatic ground for a stay'"). The Local Rules of the United States District Court for the Southern District of Georgia do not stay discovery under those circumstances, nor do the Federal Rules of Civil Procedure. Indeed, "[h]ad the Federal Rules contemplated that a motion to dismiss under Fed. R. Civ. P. 12(b)(6) would stay discovery, they would contain such a provision." *Moss v. Hollis*, No. 90-177, 1990 WL 138531, at *1 (D. Conn. June 29, 1990).

"To determine whether a stay is appropriate a district court "must balance the harm produced by the delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery.'" *Arriaga-Zacarias v. Lewis Taylor Farms, Inc.*, 2008 WL 454470 at *1 (M.D. Ga Oct. 10, 2008) *quoting Feldman*, 176 F.R.D. at 652. The pendency of a motion to dismiss is usually only grounds for staying discovery when the movant is able to point out "glaring" substantive and/or jurisdictional deficiencies in the complaint. *Id.*; *OMG Fidelity*, 2006 WL 3359313 at *1 (denying request for a protective order staying discovery because the defendant was unlikely to get all claims dismissed by a dispositive motion and plaintiff was likely to replead any deficient claims); *Moran v. Flaherty*, No. 92 Civ. 3200, 1992 WL 276913 (S.D.N.Y. Sept. 25, 1992) (upholding magistrate's denial of motion for a protective order staying discovery where plaintiff was likely to file an amended complaint curing any defects in the event the case was dismissed).

Here, Scotbilt has not shown good cause for a stay, nor has it shown that such a stay would be reasonable under the circumstances. First, Scotbilt concedes that its Motion to Dismiss does not seek to dismiss all of the Plaintiffs claims under Rule 12(b)(6). *See* Memorandum of Law in Support of Scotbilt's Motion to Dismiss at 1 ("Plaintiff's…allegations against Scotbilt fail to state a claim upon which relief can be granted as to all class allegations and counts 1, 2, 3, 4 and 6." Omitting 5, 7 and 8).[1] The case law makes clear that stays of discovery are strongly disfavored where the Motion to Dismiss would not dispose of all the claims.[2] Second, many of Scotbilt's arguments on motion to dismiss specifically rely on issues which are not the "pure legal issues" or "glaring" jurisdictional grounds contemplated by the cases it cites. Scotbilt's arguments related to the class allegations, warranty, Magnuson-Moss Contract RICO claims and the necessity and indispensability of unnamed parties are all arguments which rely on Scotbilt's view of the facts which are susceptible to discovery. To stay discovery while allowing Scotbilt to make arguments which go beyond purely legal in nature prejudices the Plaintiff.

Third, given that its Motion to Dismiss would not resolve all of the claims presented, Scotbilt has not met its burden of explaining the reasonableness of a complete stay of discovery. Certainly, discovery on these claims should go forward. Along the same lines, Scotbilt has failed to explain why the scope of discovery on these claims would be significantly less than for the claims it purports should be dismissed under Rule 12(b)(6). The remaining claims, for violation of the Georgia Uniform Deceptive Trade Practices Act, unjust enrichment and misrepresentation by concealment, would provide the Plaintiff with the opportunity to conduct broad discovery,

---

[1] While Scotbilt has argued that the failure to name a necessary and indispensible party should result in the dismissal of those claims as well, however, the argument regarding their necessity really only seems to relate to the two RICO claims.

[2] Of course, Plaintiff believes that her complaint does succeed in stating a claim for each count in the Complaint and that Defendant's Motion is due to be denied in totality. Therefore, for this reason, as well, there is absolutely no need to delay discovery and the prompt resolution of this case.

regardless of which other claims remain. Much of the discovery that would be taken by the Plaintiff, especially in the early going, would be relevant to many of the issues raised by Defendant on Motion to Dismiss. Finally, even if the Motion to Dismiss was granted on certain issues, Plaintiff would likely seek leave to replead many of those claims. Thus, there is further reason to believe that this Motion to Dismiss will not resolve all of the claims in this litigation.

Finally, Plaintiff would likely be prejudiced by a stay of discovery. As noted above, not only does Plaintiff need discovery in order to marshal facts necessary to resist the arguments made in the motion to dismiss, but the delay of discovery risks loss of further degradation of available evidence and testimony on issues relevant to the claims in the complaint. Indeed, a stay of discovery here would create a "danger of denying justice by delay." *Am. Mfrs. Mut. Ins. Co. v. Edward D. Stone, Jr. & Assocs.*, 743 F.2d 1519, 1524 (11th Cir. 1984). Thus, Plaintiff's may be greatly prejudiced by a stay of discovery in this matter.

As Defendant has failed to carry his burden of showing good cause and the reasonableness of its requested stay of discovery. Additionally. Plaintiff's would be greatly burdened and prejudiced by such a stay. Therefore, Plaintiff respectfully requests that the Court deny Defendant's Motion to Stay and order the party's to undertake their Rule 26 discovery conference within 14 days of the denial of the Motion.

Dated: June 17, 2010                          Respectfully submitted,

                                               /s/ Christina D. Crow
Christina D. Crow, Esq.
Georgia Bar No.: 198370
P.O. Box 350
Union Springs, AL 36089
Phone (334) 738-4225
ccrow@jinkslaw.com

Tony Center
**LAW OFFICE OF TONY CENTER, PC**
313 York Street
Savannah, Georgia 31401
(912) 233-9696
(912) 232-8620 *Fax*
tonycenter@comcast.net

Lynn W. Jinks, III
Christina D. Crow
Nathan A. Dickson II
**JINKS, CROW & DICKSON, P.C.**
P. O. Box 350
Union Springs, Alabama 36089
(334) 738-4225
(334) 738-4229 *Fax*
ljinks@jinkslaw.com
ccrow@jinkslaw.com
ndickson@jinkslaw.com

Joe R. Whatley, Jr.
Edith M. Kallas
**WHATLEY DRAKE & KALLAS, LLC**
1540 Broadway, 37th Floor
New York, New York, 10036
(212) 447-7070
(212) 447-7077 *Fax*
jwhatley@wdklaw.com
ekallas@wdklaw.com

W. Tucker Brown
Sara C. Hacker
**WHATLEY, DRAKE & KALLAS, LLC**
1000 Park Place Towers
2001 Park Place North
Birmingham, AL 35203
(205) 328-9576
(205) 328-9669 *Fax*
tbrown@wdklaw.com
shacker@wdklaw.com

David Selby II
**KEE & SELBY LLP**
1900 International Park
Suite 220
Birmingham, Alabama 35243
(205) 968-9906 Direct
(205) 968-9909 Fax
ds@keeselby.com

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that I have this date served a true and correct copy of the foregoing document via the Court's electronic filing system upon the following counsel of record:

Wallace E. Harrell, Esq.
James L. Roberts, IV, Esq.
Jeffrey S. Ward, Esq.
Stephen V. Kinney, Esq.
Jason M. Tate, Esq.
GILBERT HARRELL SUMERFORD &
  MARTIN, PC
777 Gloucester Street
Post Office Box 190
Brunswick Georgia 31520

Neal L. Conner, Jr., Esq.
CONNER AND JACKSON, PC
Post Office Box 1278
Waycross, Georgia 31502

/s/    Christina D. Crow
       OF COUNSEL