**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION**

| | | |
|---|---|---|
| SHEILA LEWIS, | ) | |
| Individually and on behalf of a class of | ) | |
| Persons similarly situated, | ) | |
| | ) | Civil Action No.:  5:10-CV-016 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| SCOTBILT HOMES, INC. and | ) | |
| GEORGIA STATE OFFICE OF | ) | |
| INSURANCE AND SAFETY FIRE | ) | |
| COMMISSIONER, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF SCOTBILT'S
MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

Pursuant to Rules 12(b)(6) and 9(b) of the Federal Rules of Civil Procedure, DEFENDANT SCOTBILT HOMES, INC. (hereinafter "Scotbilt") submits this Memorandum of Law in Support of its Motion to Dismiss Plaintiff's First Amended Complaint [ECF No. 34] as follows:

**STATEMENT OF FACTS**

"In May of 2005, Plaintiff purchased a manufactured home that was manufactured by Scotbilt."  [ECF 34; Plaintiff's First Amended Complaint (hereinafter "Amended Complaint") at ¶ 25].   All of Plaintiff's claims revolve around the allegations that Scotbilt represented that the attic insulation in her manufactured home would have an "R-Value of 21" but did not.  [See id. at 9; ¶¶ 26-28].[1]  Plaintiff alleges that she "provided notice to Scotbilt of the defect…" by certified letter signed for by Scotbilt on September 20, 2007.  [see id. at 12; ¶ 40].

---

[1] As the paragraphs in Plaintiff's Amended Complaint are not sequentially numbered, for ease of reference, Scotbilt cites both to page and paragraph

Plaintiff filed her original eight-count complaint in this matter on February 3, 2010. [See ECF No. 1]. Therein, Plaintiff pled on behalf of herself and an alleged class of similarly situated others causes of action for: (1) violation of 18 U.S.C. § 1962(c), Federal RICO statute; (2) violation of O.C.G.A. § 16-14-4 (*sic*), Georgia RICO statute; (3) breach of express warranty; (4) violation of Magnuson-Moss Warranty Act; (5) violation of Georgia Uniform Deceptive Trade Practices Act; (6) breach of contract; (7) unjust enrichment; and (8) misrepresentation by concealment. [See ECF No. 1 at 3; Counts I – VIII].

Scotbilt filed its Answer and a Motion to Dismiss Plaintiff's Complaint on May 3, 2010. [See ECF Nos. 11, 13]. By Order dated October 27, 2010, the Court (1) granted Scotbilt's Motion to Dismiss as to Plaintiff's claim for breach of contract based on the applicable four-year statute of limitation; (2) required Plaintiff to amend her federal and state RICO claims; (3) gave Plaintiff leave to amend her claim for breach of express warranty; and (4) required Plaintiff add the Georgia State Office of Insurance and Safety Fire Commissioner as a party. [See ECF No. 27 at 23-24].

On November 10, 2010, Plaintiff filed her First Amended Class Action Complaint alleging the following six counts against Scotbilt: Count I - breach of express warranty; Count II - violation of Magnuson-Moss Warranty Act; Count III – Violation of the Georgia Uniform Deceptive Trade Practices Act; Count IV – Violation of the Georgia Fair Business Practices Act;[2] Count V – unjust enrichment; and Count VI – misrepresentation by concealment. [See Amended Complaint at 3; ¶ 6]. Plaintiff's formulaic and generalized allegations against Scotbilt

---

[2] Plaintiff did not assert this claim in her original Complaint and has sought leave of Court to amend to add. [See ECF No. 33]. However, leave to add this claim has not as of yet been granted. Moreover, leave to add this claim is futile as it was not brought within the applicable statute of limitations as set forth below and in Scotbilt's Response to Plaintiff's Motion for Leave.

fail to state a claim upon which relief can be granted as to each claim alleged.  On their face, each of Plaintiff's counts fail as a matter of law.

## ARGUMENT AND CITATION OF AUTHORITY

Plaintiff's claims cannot survive scrutiny under the standard set forth by the U.S. Supreme Court decision in Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955 (2007); see also Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009).  In Twombly, the Supreme Court explained that "a formulaic recitation of the elements of a cause of action will not do" and that "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id. at 1965; see also Watts v. Fla. Int'l Univ., 495 F.3d 1289, 1295 (11th Cir. 2007) citing Twombly, 127 S. Ct. at 1965 (stating [a] complaint must contain enough facts to indicate the actual presence of the required elements.). To that end, a plaintiff bears the burden to plead "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." Twombly, 127 S. Ct. at 1965.

The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Id. at 1964 ("retiring" the "no set of facts" standard and holding that a plaintiff is obligated to "provide the grounds of his entitlement to relief," which requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."). "[C]onclusory allegations, unwarranted deductions of fact or legal conclusions masquerading as facts will not prevent dismissal." Oxford Asset Mgmt., Ltd., v. Jaharis, 297 F.3d 1182, 1188 (11th Cir. 2002).

"If the complaint contains a claim that is facially subject to an affirmative defense, that claim may be dismissed under Rule 12(b)(6)."  LeFrere v. Quezada, 582 F.3d 1260, 1263 (11th Cir. 2009) citing Cottone v. Jenne, 326 F.3d 1352, 1357 (11th Cir. 2003) and Marsh v. Butler

County, 268 F.3d 1014, 1022 (11th Cir. 2001) (en banc); see also Telesca v. Village of Kings Creek Condominium Assoc., Inc, 2010 WL 3001815 *1 (11th Cir. 2010) (affirming District Court's dismissal of plaintiff's FHA claim on statute of limitations grounds raised in motion to dismiss); Gerin v. Aegon USA, Inc., 242 Fed.Appx 631, 632-633 (11th Cir. 2007) (affirming District Court dismissal of plaintiff's Securities Act of 1933 Act claim on statute of limitations grounds);  ECF No. 27; October  27, 2010 Order (dismissing Plaintiff's claim for breach of contract based on applicable statute of limitations).

Finally, where, as here, Plaintiff asserts a claim for fraud or claims based on alleged fraud, the fraud allegations are subject to the heightened pleading standard of Rule 9(b) that requires a plaintiff to plead all averments of fraud with particularity. Brooks v. Blue Cross & Blue Shield of Fla. Inc., 116 F.3d 1364, 1371 (11th Cir. 1997). Where the allegations of fraud do not include the who, what, where, and when of the alleged fraud, the claim for fraud must be dismissed. US. ex rel. Clausen v. Lab. Corp. of Am., 290 F.3d 1301, 1310, 1315 (11th Cir. 2002); Ackerman v. Nw. Mut. Life Ins. Co., 172 F.3d 467, 469-70 (7th Cir. 1999).

**I**

**PLAINTIFF'S BREACH OF WARRANTY CLAIM FAILS AS A MATTER OF LAW FOR FAILURE TO COMPLY WITH A STATED CONDITION PRECEDENT. (PLAINTIFF'S AMENDED COUNT I).**

The Court's Order dated October 27, 2010 granted Plaintiff "…leave to amend her Complaint to state the date and contents of her alleged notice to Defendant of a breach of warranty." [ECF No. 27 at 19-20].  While Plaintiff has now pled the date of her notice to Scotbilt, her alleged cause of action fails on its face for failure to comply with a condition precedent; i.e. the failure to give notice within ten days of the expiration of the warranty period as *required* by the terms of the written warranty.

Plaintiff fails to allege facts demonstrating that she timely complied with the provisions of the express warranty she now wishes to enforce.  Plaintiff alleges that Scotbilt provided her with a written warranty.  [See Amended Complaint at ¶ 12; ¶ 38].  The express warranty Plaintiff seeks to enforce is for a period extending one year from the date of retail delivery of the manufactured home.  [See Attachment A to Scotbilt's Motion to Dismiss Plaintiff's Amended Complaint; Scotbilt's Homeowner's Manual at HO-6].[3],[4]  Under the terms of the warranty, Plaintiff was required to give Scotbilt written notice of any claim under the warranty within ten days of the expiration of the warranty period.  [See id. at HO-6, 8].

Pursuant to Georgia law, "a condition precedent must be performed before the contract becomes absolute and obligatory on the other party."  See O.C.G.A. § 13-3-4. A condition precedent is one which must be performed before any right to be created thereby accrues. See Id.; Wolverine Ins. Co. v. Sorrough. 122 Ga.App. 556, 177 S.E.2d 819 (1970).

> When a warrantee brings a breach of express warranty claim, *the terms of the written warranty control.* Dryvit Systems v. Stein, 256 Ga.App. 327, 329(1), 568 S.E.2d 569 (2002); DeLoach v. Gen. Motors, 187 Ga.App. 159, 159-160(3), 369 S.E.2d 484 (1988). Thus, a warrantee can succeed on a breach of the warranty claim only if she has first satisfied the express conditions precedent for enforcement "as prescribed" by the warranty. Dryvit Systems, 256 Ga.App. at 329(1), 568 S.E.2d 569

Culberson v. Mercedes-Benz USA, Ltd.  274 Ga.App. 89, 91, (2005) (emphasis added).  "Where notice to the manufacturer within a specified time is a condition precedent to recovery on a breach of warranty claim, the notice must be given as prescribed." Dryvit Systems, Inc. v. Stein, 256 Ga.App. 327 (2002); see also ECF 27, October 27, 2010 Order on Motion to Dismiss (quoting same).

---

[3] "The express warranty is the only express warranty given by Scotbilt."  [Exhibit A at HO-6].

[4] "The Court may consider a document attached to a motion to dismiss without converting the motion into one for summary judgment if the attached document is (1) central to the plaintiff's claim and (2) undisputed.  In this context, 'undisputed' means that the authenticity of the document is not challenged."  Day v. Taylor, 400 F.3d 1272, 1276 (11th Cir. 2005).

In <u>Dryvit</u>, the express warranty required the warrantee to notify the warrantor of any defects within 30 days.  <u>Id.</u> at 328, 568 at 570.  Because it was undisputed that the warrantee never provided the required notice, the court found that the warrantor had no obligations under the warranty.  <u>Id.</u>  Here, Plaintiff pleads that she purchased her home in May, 2005.  [<u>See</u> Amended Complaint at 9; ¶ 25].  Accordingly, pursuant to the terms of the written warranty, Plaintiff must have provided notice of any claim prior to mid-June of 2006.  In her Amended Complaint, Plaintiff states that she provided notice of the "defect and the breach of the warranty" by certified letter returned receipt dated September, 20, 2007.  [<u>See</u> Amended Complaint at 12; ¶ 40].  Plaintiff's own pleading dictates that she did not comply with the notice provision of Scotbilt's warranty – a condition precedent – and her claim for breach of warranty must be dismissed.  <u>See</u> e.g. <u>Harden v. State Farm Mutual Automobile Ins. Co.</u>, 339 Fed.Appx. 897, 898 (11th Cir. 2009) (affirming District Court's grant of motion to dismiss where plaintiffs did not comply with condition precedent nor plead a waiver of that condition).  Accordingly, Plaintiff's breach of warranty claim must be dismissed.

## II

### PLAINTIFF'S CLAIM UNDER THE MAGNUSON-MOSS ACT FAILS AS A MATTER OF LAW BECAUSE HER ALLEGED BREACH OF WARRANTY CLAIM FAILS.  (PLAINTIFF'S AMENDED COUNT II).

In making her Magnuson-Moss claim, Plaintiff alleges that Scotbilt breached the written warranty with regard to her and other class members' manufactured homes.  [<u>See</u> Amended Complaint at ¶ 15; ¶ 53].  Consequently, Plaintiff's Magnuson-Moss claims are barred for the same reason as her express warranty claim, that is, Plaintiff has admittedly failed to satisfy an express condition precedent.

The Magnuson-Moss Act "does not provide an independent cause of action for state law claims, only additional damages for breaches of warranty under state law." Johnson v. Jaguar Cars, Inc., 2006 WL 1627125 (N.D.Ga. 2006).  Thus, as a preliminary matter, the Court must examine whether Plaintiff has properly pled her breach of warranty claim under Georgia state law. Id.; see also Walsh v. Ford Motor Co., 807 F.2d 1000, 1016 (D.C.Cir.1986)("state warranty law lies at the base of all warranty claims under Magnuson-Moss"); Sharpe v. General Motors Corp., 198 Ga.App. 313, 314, (1991)(Magnuson-Moss Warranty Act "relates to damages, not liability, and provides for consumers' recovery of costs and attorney's fees in successful actions for breaches of warranty under state law "); Hines v. Mercedes-Benz USA, LLC 358 F.Supp.2d 1222, 1235 (N.D. Ga. 2005)("To recover under the MMWA, therefore, Plaintiff must show that Defendant breached written and implies (sic) warranties arising under Georgia law"); Gilbert v. Monaco Coach Corp., 352 F.Supp.2d 1323, 1331  (N.D. Ga. 2004)("A manufacturer's liability for breach of an express warranty derives from, and is measured by, the terms of that warranty. Accordingly, the 'requirement[s]' imposed by an express warranty claim are not 'imposed under State law,' but rather imposed by the warrantor"); Bailey v. Monaco Coach Corp., 350 F.Supp.2d 1036, 1040 (N.D. Ga. 2004)(unless the Act "prescribes a regulating rule, courts should apply state law to written and implied warranty claims made under the Act.")

As discussed previously, Plaintiff's pleadings dictate that her breach of warranty claim fails as a matter of law.  For these same reasons, Plaintiff's Magnuson-Moss Act claim fails.

### III

**PLAINTIFF'S GEORGIA UNIFORM DECEPTIVE TRADE PRACTICES ACT CLAIM FAILS BECAUSE (1) THE ACT DOES NOT APPLY, AND (2) PLAINTIFF'S CLAIM IS TIME-BARRED.  (PLAINTIFF'S AMENDED COUNT III)**

A. **The Georgia Uniform Deceptive Trade Practices Act does not apply to Plaintiff's claim and the claim therefore fails as a matter of law.**

The Uniform Deceptive Trade Practices Act (hereinafter the "UDPTA") is not applicable to all transactions. By legislative mandate, the UPDTA was intended to have a restricted application only to the **unregulated** consumer marketplace. See Northeast Georgia Cancer Care, LLC v. Blue Cross Blue Shield of Georgia, Inc., 297 Ga.App. 28, (2009). It was never intended to apply in regulated areas of activity, because regulatory agencies provide protection or the ability to protect against the known evils in the area of the agency's expertise. Id. Because the manufacture and sale of manufactured homes is highly regulated by both federal and state law, it is exempt from the UDTPA.

The application of the UDPTA is limited to only those transactions specified by the statute. See O.C.G.A. § 10-1-372. Even where specifically identified, however, there are exemptions which except transactions from the UDPTA's coverage. See O.C.G.A. § 10-1-374. Subsection (a)(1) of O.C.G.A. § 10-1-374 provides that the UDTPA does not apply to "[c]onduct in compliance with the orders or rules of or a statute administered by a federal, state, or local government agency." In this case, ScotBilt participation in the manufacture and sale of manufactured homes is authorized and regulated by the Department of Housing and Urban Development and the Georgia State Office of Insurance and Fire Safety, and is therefore, exempted from the UDPTA by O.C.G.A. § 10-1-374(a)(1).

In Ferguson v. United Ins. Co., 163 Ga.App. 282, 283 (1982), the Georgia Court of Appeals interpreted and applied an exemption provision similar to O.C.G.A. § 10-1-374(a)(1) to exclude the highly regulated insurance industry from coverage under Georgia's Fair Business Practices Act (hereinafter "FBPA"). Similar to the exemption applicable in this case, O.C.G.A. § 10-1-396(1) of the FBPA provides that "[n]othing in this part shall apply to ... [a]ctions or

transactions specifically authorized under laws administered by or rules and regulations promulgated by any regulatory agency of this state or the United States."  Based upon this statutory language, the Court in <u>Ferguson</u> concluded that "insurance transactions are among those types of transactions which are exempt from the [FBPA]," since such transactions are subject to an extensive regulatory regime administered by the Insurance Department of the State of Georgia and the Office of Insurance Commissioner pursuant to Title 33 of the Georgia Code. <u>Ferguson,</u> 163 Ga.App. at 283.  The Court noted that like the UDTPA, "'the General Assembly intended that the Georgia FBPA have a restricted application only to the unregulated consumer marketplace and that FBPA not apply in regulated areas of activity, because regulatory agencies provide protection or the ability to protect against the known evils in the area of the agency's expertise.'" <u>See</u> <u>Id.</u> (quoting <u>Chancellor v. Gateway Lincoln-Mercury,</u> 233 Ga.App. 38, 45 (1998).  The Court went on to find that the exemption of the insurance industry from the FBPA is "especially true since the Insurance Code regulates unfair trade practices within the insurance industry…" <u>Id.</u>

In <u>Northeast Georgia Cancer Care, LLC,</u> 297 Ga.App. at 34-35, the Georgia Court of Appeals considered whether O.C.G.A. 10-1-374(a)(1) excluded the insurance industry from coverage under the UDTPA finding that because the exemption provision in the UDTPA is similar to the exemption provision in the FBPA, the analysis, reasoning, and holding in <u>Ferguson</u> was applicable.  As such, the Court held that OCGA § 10-1-374(a)(1) excluded insurance transactions from the UDTPA. <u>See</u> <u>Northeast Georgia Cancer Care, LLC,</u> 297 Ga.App. at 35. Indeed, the Court reasoned, "the Insurance Code contains its own statutory scheme that regulates unfair trade practices within the insurance industry and gives the Insurance Commissioner the power to investigate and act upon such claims against an insurer." <u>See</u> <u>Northeast Georgia Cancer</u>

Care, LLC, 297 Ga.App. at 34 (citing O.C.G.A. §§ 33-6-4 through 33-6-9 and Ga. Comp. R. & Regs. Rr. 120-2-2-.07; 120-2-2-.23(6)). Based upon these regulatory provisions and the reasoning in Ferguson, the Court concluded that claims of unfair trade practices in insurance transactions are governed by the Insurance Code, not Georgia's UDTPA. See Colonial Life, etc., Ins. Co. v. American Family Life, etc., of Columbus, 846 F.Supp. 454, 462(V) (D.S.C.1994); see also e.g. Ferguson, 163 Ga.App. at 283.

The logic, analysis, and reasoning applied in Ferguson and Northeast Georgia Cancer Care, LLC is directly applicable here to exclude the manufacture and sale of manufactured homes from the UDTPA under O.C.G.A. § 10-1-374(a)(1). Like insurance transactions, the manufacture and sale of manufactured homes is specifically authorized and regulated by state law. Compare O.C.G.A. § 33-1-1 et seq. and Ga. Comp. R. & Regs. 120-2-2-.01 et seq. with O.C.G.A. § 8-2-130 et seq. ("The Uniform Standards Code for Manufactured Homes") and Ga. Comp. R. & Regs. 120-3-7-.01 et seq.; accord Northeast Georgia Cancer Care, LLC, 297 Ga.App. 34-35 (holding that the extensive state regulation of the insurance industry exempted the insurance industry from the UDTPA under O.C.G.A. 10-1-374(a)(1)). Unlike insurance transactions, however, the manufacture and sale of manufactured homes is also specifically authorized and regulated by federal law. See 42 U.S.C. § 5401 et seq. ("The National Manufactured Housing Construction and Safety Standards of 1974") and 24 CFR § 3280 et seq.

Overall, there is significantly greater regulation in the manufacture and sale of manufactured homes than in the insurance industry. Like the insurance industry, the Georgia Safety Fire Commissioner has the full power and authority to make rules and regulations to effect the provisions of The Uniform Standards Code for Manufactured Homes. Compare O.C.G.A. § 33-6-6 and Ga. Comp. R. & Regs. 120-2-1-.01 et seq. with O.C.G.A. §§ 8-2-132 and

8-2-133 and Ga. Comp. R. & Regs. 120-3-7-.01 *et seq*.; accord Northeast Georgia Cancer Care, LLC, 297 Ga.App. 34-35 (holding that the extensive state regulation of the insurance industry exempted the insurance industry from the UDTPA under O.C.G.A. § 10-1-374(a)(1)).  Unlike the insurance industry, the federal Secretary of Housing and Urban Development also has the full power and authority to make rules and regulations to effect the provisions of "The National Manufactured Housing Construction and Safety Standards of 1974," 42 U.S.C. § 5401 *et seq.* See 42 U.S.C. § 5424.

Like the insurance industry, no manufacturer shall engage in the manufacture and sale of manufactured homes except as authorized by the Georgia Safety Fire Commissioner. Compare O.C.G.A. § 33-3-2 with O.C.G.A. § 8-2-135 and Ga. Comp. R. & Regs. 120-3-7-.08; accord Northeast Georgia Cancer Care, LLC, 297 Ga.App. 34-35 (holding that the extensive state regulation of the insurance industry exempted the insurance industry from the UDTPA under O.C.G.A. § 10-1-374(a)(1)).  Unlike the insurance industry, the Georgia Safety Fire Commissioner is acting with the full authority of the federal government. See O.C.G.A. § 8-2-132.

Like the insurance industry, state law regulates the deceptive trade practices within the manufactured home industry. Compare O.C.G.A. § 33-6-1 *et seq.* and Ga. Comp. R. & Regs. 120-2-2-.07 with O.C.G.A. 8-2-139 and 8-2-141 and 8-2-143 and Ga. Comp. R. & Regs. 120-3-7-19 (permitting the Office of Insurance and Fire Safety Commissioner to penalize any persons who violate the Rules and Regulations); accord Northeast Georgia Cancer Care, LLC, 297 Ga.App. 34-35 (holding that the extensive state regulation of the insurance industry exempted the insurance industry from the UDTPA under O.C.G.A. 10-1-374(a)(1)).  Unlike the insurance

industry, deceptive trade practices in the manufactured home industry are also regulated by federal law. See 42 U.S.C. §§ 5409-5411.

In addition to the foregoing regulations, there are a number of other federal and state regulations which bear directly on the issue presented in this case.  Specifically, federal law establishes "Manufactured Home Construction and Safety Standards" which mandate specific construction requirements for all manufactured homes. See 24 CFR §§ 3280.101-3280.816. Included within these Construction Standards are specific construction requirements for "Thermal Protection," which governs the calculation and installation of insulation. See 24 CFR §§ 3280.501-3280.511.  By federal law, manufactures are required to certify that the manufactured home "has been thermally insulated to conform with the requirements of the Federal Manufactured Home Construction and Safety Standards...." See 24 CFR § 3280.510.  In addition, each manufacturer is required to certify on a data plate contained within each manufactured home that the manufactured home was "designed to comply with the Federal Manufactured Home Construction and Safety Standards in force at the time of manufacture." 24 CFR § 3280.5.  These construction requirements are expressly adopted by Georgia law to apply to manufacturers here in Georgia, such as ScotBilt. See O.C.G.A. § 8-2-132.

Like the insurance industry, violations of these regulations are internally regulated and enforced by the Department of Housing and Urban Development and the Georgia Office of Insurance and Fire Safety.  A manufacturer is prohibited by federal and state law from manufacturing "for sale, lease, sell, offer for sale or lease, or introduce or deliver, or import into the United States, any manufactured home which is manufactured on or after the effective date of any applicable Federal manufactured home construction and safety standard under this chapter and which does not comply with such standard.....," or otherwise violating the provisions of 42

U.S.C. § 5401 *et seq.* See 42 U.S.C. § 5409.  This prohibition includes violating the construction standards established for the calculation and installation of insulation. Compare 24 CFR §§ 3280.501-3280.511 with 42 U.S.C. § 5409.  In the event a manufacturer violates this provision, then it is subject to civil and criminal penalties from the United States Government and/or the State of Georgia. See 42 U.S.C. §§ 5410-5412; accord O.C.G.A. § 8-20-143; Ga. Comp. R. & Regs. 120-3-7-.19 (permitting the Office of Insurance and Fire Safety Commissioner to penalize any persons who violate the Rules and Regulations).

In addition, there is a comprehensive federal and state consumer complaint and remedial action plan in place to protect consumers against defective construction. See 42 U.S.C. § 5412; 24 CFR §§ 3282.401-3282.411; Ga. Comp. R. & Regs. 120-3-7-.07; Ga. Comp. R. & Regs. 120-3-7-.12.  Under this statutory scheme, any consumer may file a complaint against a manufacturer thereby triggering its obligation to inspect, repair, and in the event repair is not possible, replace or repurchase the defective manufactured home. See 24 CFR §§ 3282.403, 3282.409, 3282.412-413; Ga. Comp. R. & Regs. 120-3-7-.07.

The sum product of all of the cited regulations, and those not specifically referenced herein, is a highly regulated industry, not the unregulated consumer market to which UDTPA was intended to apply.  Unlike the insurance industry, which is only regulated by state law, the construction and sale of manufactured homes is regulated by federal and state law.  Therefore, if the insurance industry is exempt from the UDTPA by O.C.G.A. § 10-1-374(a)(1) because of the "extensive regulatory regime administered" by state law (Northeast Georgia Cancer Care, LLC, 297 Ga.App. 34), then *a fortiori* O.C.G.A. § 10-1-374(a)(1) must exempt the manufacture and sale of manufactured homes from the UDTPA because of the "extensive regulatory regime administered" by federal **and** state law.

Since the manufacture and sale of manufactured homes is exempt from the UDTPA, then Count III of Plaintiff's First Amended Complaint is due to be dismissed as matter of law.

**B.      Plaintiff's Georgia UDTPA claim fails as a matter of law as it is time-barred.**

In the event the Court determines that the UDTPA is applicable to Plaintiff's Claim, it is nonetheless time-barred by the applicable statute of limitations.  Claims under the UDTPA are governed by the four-year statute of limitations period for injuries to personalty.  See Kason Industries, Inc. v. Component Hardware Group, Inc., 120 F.3d 1199 (11th Cir. 1997); accord O.C.G.A. § 9-3-31.  Plaintiff had four years after the cause of action accrued to bring her claim against Scotbilt under the UDTPA. See O.C.G.A. § 9-3-31.

A fraud claim accrues at the time the misrepresentation results in actual damages. Nash v. Ohio Nat. Life Ins. Co., 266 Ga.App. 416, 418, 597 S.E.2d 512 (2004).[5]  Likewise, a cause of action for injury to property commences on the date the injury is sustained.  See Hanna v. McWilliams, 213 Ga.App. 648, 446 S.E.2d 741 (1994).  In either case, Plaintiff alleges that she was harmed by: (1) the lost use of adequate insulation; (2) by the diminution of the value of her manufactured home; and (3) by possessing a manufactured home which does not comply with her sales contract, her warranty, and federal regulations. [See Amended Complaint at ¶ 2; ¶ 5]. All of these injuries occurred the moment that Plaintiff purchased the manufactured home, that is, May, 2005. [See Amended Complaint at ¶ 9; ¶ 25].  Therefore, Plaintiff was obligated to assert her claim against Scotbilt under the UDTPA no later than May, 2009.  This action was not commenced until February 3, 2010 well after the statute of limitations expired.  Therefore, Count III of Plaintiff's Complaint is time-barred as a matter of law.

---

[5] Four-year statute of limitations on claim for fraudulent inducement to enter into contract begins to run on the date the parties executed contract. Bridge Capital Investors II v. Small, 144 Fed.Appx. 762 (11th Cir. 2005).

# IV.

**PLAINTIFF'S GEORGIA FAIR BUSINESS PRACTICES ACT CLAIM FAILS AS A MATTER OF LAW AS (1) THE ACT DOES NOT APPLY AND (2) PLAINTIFF'S CLAIM IS TIME-BARRED.   (PLAINTIFF'S AMENDED COUNT IV).**

### A.     The Georgia Fair Business Practices Act does not apply to Plaintiff's claim and the claim therefore fails as a matter of law.

"'The General Assembly intended that the Georgia Fair Business Practices Act (hereinafter "FBPA") have a restricted application only to the unregulated consumer marketplace and that FBPA not apply in regulated areas of activity, because regulatory agencies provide protection or the ability to protect against the known evils in the area of the agency's expertise.'" See Ferguson, 163 Ga.App. at 283 (quoting Chancellor v. Gateway Lincoln-Mercury, 233 Ga.App. 38, 45(1998).   As set forth in Section III above, the manufacture and sale of manufactured homes is heavily regulated by both federal and state law.   As such, this industry falls within the exceptions enumerated for the FBPA. See O.C.G.A. § 10-1-396(1); accord Ferguson, 163 Ga.App. at 283; see also e.g. Northeast Georgia Cancer Care, LLC, 297 Ga.App. 34-35.  Since the manufacture and sale of manufactured homes is exempt from the FBPA, Count IV of Plaintiff's First Amended Complaint is due to be dismissed as matter of law.

### B.     Plaintiff's Georgia FBPA claim fails as a matter of law as it is time-barred.

Plaintiff has sought leave of Court to amend her Complaint to add a Georgia FBPA claim.  [See ECF No. 33].  She also included the averments of the claim in her Amended Complaint.  [See Amended Complaint at 16; ¶¶ 59-62].   In her pleadings, Plaintiff alleges that "[i]n May of 2005, [she] purchased a manufactured home that was manufactured by Scotbilt." [See id. at 9; ¶ 25].  Plaintiff further alleges that "[she] provided notice to Scotbilt of the defect and the breach of the warranty through a certified demand letter," and the returned receipt on

behalf of Scotbilt was dated September 20, 2007.  [see id. at 12; ¶ 40].  Plaintiff filed her Complaint in this matter on February 3, 2010.  [See ECF No. 1].

O.C.G.A. § 10-1-401(a)(1) sets forth the applicable statute of limitation for the Georgia FBPA and states that "[n]o action shall be brought under this part…[m]ore than ***two years*** after the person bringing the action knew or should have known of the occurrence of the alleged violation." (emphasis added).  Plaintiff's Amended Complaint on its face shows that her alleged FBPA claim is time-barred under Georgia law.

Plaintiff bought her home in May, 2005.  Now, in November, 2010 - more than five years after she purchased her home and more than three years after she shows actual knowledge of any defect (2007) as evidenced in her pleading – Plaintiff seeks to bring this claim. See e.g. Sandy Springs Toyota v. Classic Cadillac Atlanta Corp., 269 Ga.App. 470, 470 (2004) (affirming grant of motion for judgment on the pleadings where Georgia Fair Business Practices Act claim brought outside of two-year statute of limitation).  Plaintiff's Georgia FBPA claim cannot be maintained under Georgia law and must be dismissed.

**V**

**PLAINTIFF'S CLAIM FOR UNJUST ENRICHMENT FAILS AS A MATTER OF LAW AS IT IS TIME-BARRED AND AN EXPRESS CONTRACT HAS BEEN PLED.  (PLAINTIFF'S AMENDED COUNT V).**

**A.    Plaintiff's claim for unjust enrichment fails as it was not brought within the applicable four-year statute of limitations.**

"A claim for unjust enrichment is not a tort, but an alternative theory of recovery if a contract claim fails."  Wachovia Ins. Services, Inc. v. Fallon, 299 Ga.App. 440, 449 (2009) citing Tidikis v. Network for Med., etc., 274 Ga.App. 807, 811 (2005).  Under Georgia law, all actions on contracts express or implied not otherwise provided for must be brought within four years from the accrual of the right of action.  See O.C.G.A. § 9-3-26.  This Court dismissed Plaintiff's

breach of contract claim based on statute of limitations grounds. [See ECF No. 27 at 21-22]. The four-year statute of limitations applies to claims for unjust enrichment. See Evans v. Evans, 237 Ga. 549, 553 (1976) (stating four-year statute of limitations applicable to unjust enrichment claim); Renee Unlimited, Inc. v. City of Atlanta, 301 Ga.App. 254, 258 (2009)(citing Evans, 237 Ga. at 553). "The statute of limitations begins to run on any given claim on the date the claim accrues – in other words, on the date that suit on the claim can first be brought." Id. (citing Hoffman v. Ins. Co. of North America, 241 Ga. 328, 329 (1978)).

Plaintiff alleges a formulaic three-paragraph cause of action for unjust enrichment. [See Amended Complaint at 17; ¶ 64 – 66]. She alleges, "[t]he acts of Scotbilt resulted in Plaintiff and Class members paying more for the homes than it was worth…" [see id. at ¶ 64]. Plaintiff apparently bases her theory on Scotbilt's "systematic failure to follow proper installation techniquest and/or us[ing] improper calculation methods to determine the amount of insulation that would be needed to obtain the insulation depth required to achieve the represented R-value." [see id. at 6; ¶ 22]; see also id. at 8; ¶ 22 (alleging Plaintiff… "paid more for their manufactured homes than they would have if they had known that the home was not equipped with the (sic.) amount of insulation that was advertised in terms of the R-value of the insulation.").

By her own pleadings, the alleged defect occurred in the insulation installation process and was present when Plaintiff purchased the manufactured home in May, 2005. Plaintiff did not file the instant complaint until February, 2010, outside of the applicable four-year statute of limitations. Accordingly, Plaintiff's claim for unjust enrichment must be dismissed.

**B.    Plaintiff's claim for unjust enrichment fails because of the existence of an express agreement.**

Under Georgia law, unjust enrichment is an equitable remedy that arises only when there is no express contract. See Fulton County v. Southern Hope Humane Society, 302 Ga.App. 638,

640 (2010) (internal cits. omitted).  "…[U]njust enrichment is not a tort, but an alternative theory of recovery if a contract claim fails."  Wachovia Ins. Services, Inc. v. Fallon, 299 Ga.App. 440, 449 (2009) citing Tidikis v. Network for Med., etc., 274 Ga.App. 807, 811 (2005).  "An unjust enrichment theory does not lie where there is an express contract."  Pryor v. CCEC, Inc., 257 Ga.App. 450, 452 (2002) citing Kwicki/Flash Foods v. Lakeside Petroleum, 246 Ga.App. 729, 730 (2000); see also CSI-Lakeview at Gwinnett, Inc. v. Simon Property Group, Inc., 283 Ga.App. 686, 691 (2007) (internal cit. omitted) (stating same).  "[W]here there is an express contract, *there can be no recovery* based upon an unjust enrichment theory."  Han v. Han, 295 Ga.App. 1, 4 (2009)(cit. omitted in original; internal quotes omitted; emphasis added).  Moreover, "[a]s a rule, there is no equity jurisdiction where there exists an adequate remedy at law."  Renee Unlimited, 301 Ga.App. at 260 citing Total Supply v. Pridgen, 267 Ga.App. 125, 128 (2004) (punctuation and footnote omitted in original).

In her original Complaint, Plaintiff pleaded causes of action for "Breach of Contract," and "Unjust Enrichment." [See ECF No. 1 at ¶¶ 97-104].  Notably, she did not plead these claims in the alternative.  Furthermore, Plaintiff alleged that (1) "[Scotbilt] has violated federal law and state statutory law and common law…breaching its contracts with these homeowners…" [id. at ¶ 3]; (2) "[Scotbilt] breached the contracts…" [id. at ¶ 57(d)]; (3) "…Plaintiff received a sales order form…" [id. at ¶ 36]; and (4) alleged that

> Plaintiff and Class members entered into a contract with [Scotbilt] whereby [Scotbilt] agreed to provide a home with a certain R-value of insulation, in Plaintiff's case, R-21.[6]

[id. at ¶ 98].

---

[6] Presumably Plaintiff's consideration in exchange for the home would be to pay the purchase price.

Plaintiff has pled an express contract.  Accordingly, she cannot recover on a theory of unjust enrichment.  This is not a case where Plaintiff did not have an adequate remedy at law; i.e. her breach of contract allegations.  Rather, as the Court ordered on October 27, 2010, Plaintiff did not bring that claim within the appropriate time period.  [See ECF No. 27 at 22, 23].  Plaintiff had an adequate remedy at law and she may not now seek equity for recovery in the face of a pled express contract.  Here, Plaintiff has pled an express contract, given specific examples of that contract, not pled her equitable claim in the alternative, and as this Court ruled, not brought her at-law remedy in time.  Accordingly, Plaintiff's claim for unjust enrichment must be dismissed.

## VI

### PLAINTIFF'S CLAIM FOR MISREPRESENTATION BY CONCEALMENT IS BARRED BY THE APPLICABLE STATUTE OF LIMITATIONS. (PLAINTIFF'S AMENDED COUNT VI).

As more than four years have passed since Plaintiff's purchase of the mobile home and no independent acts of Scotbilt have been alleged which deterred Plaintiff's discovery of the alleged misrepresentation, Plaintiff's claim for misrepresentation by concealment is barred.  The statute of limitation for injuries to personalty is four years after the right of action accrues. O.C.G.A. § 9-3-31. A fraud claim accrues at the time the misrepresentation results in actual damages. Nash v. Ohio Nat. Life Ins. Co., 266 Ga.App. 416, 418 (2004).   Here, the misrepresentation alleged by Plaintiff and damage occurred at the time of delivery of the mobile home.   Accordingly, unless tolled, Plaintiff's claim for misrepresentation by concealment is barred by the statute of limitation.

## CONCLUSION

For the reasons set forth above as well as the other documents and submittals of record, Scotbilt respectfully requests that Plaintiff's First Amended Complaint be DISMISSED WITH PREJUDICE.

Respectfully submitted this 22nd day of December, 2010.

GILBERT, HARRELL, SUMERFORD & MARTIN, P.C.

*s/ Jeffrey S. Ward*
Wallace E. Harrell
Georgia Bar No.: 328800
James L. Roberts, IV
Georgia Bar No.: 608580
Jeffrey S. Ward
Georgia Bar No.: 737277
Jason M. Tate
Georgia Bar No. 250827

*ATTORNEYS FOR DEFENDANT*
*SCOTBILT HOMES, INC.*

777 Gloucester Street
Post Office Box 190
Brunswick, Georgia 31520
Telephone: (912) 265-6700
Facsimile: (912) 264-3917

## CERTIFICATE OF SERVICE

This is to certify that I have this date served a copy of the foregoing **MEMORANDUM OF LAW IN SUPPORT OF SCOTBILT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT** via the Court's CM/ECF system, which will automatically send e-mail notification of such filing to all counsel of record.

The following have been notified via U.S. Mail:

Joe R. Whatley, Jr., Esq.
Edith M. Kallas, Esq.
**WHATLEY DRAKE & KALLAS, LLC**
1540 Broadway, 37th Floor
New York, New York 10036

W. Tucker Brown, Esq.
Sara C. Hacker, Esq.
**WHATLEY DRAKE & KALLAS, LLC**
1000 Park Place Towers
2001 Park Place North
Birmingham, Alabama 35203

Lynn W. Jinks, III, Esq.
Nathan A. Dickson, II, Esq.
**JINKS, CROW & DICKSON, PC**
P.O. Box 350
Union Spring, AL 36089

David Selby, II, Esq.
**KEE & SELBY LLP**
1900 International Park, Suite 220
Birmingham, AL 35243

This 22nd day of December, 2010.

_s/ Jeffrey S. Ward_
Jeffrey S. Ward
Georgia Bar No.: 737277

Post Office Box 190
Brunswick, Georgia 31520
(912) 265-6700