**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION**

| | | |
|---|---|---|
| SHEILA LEWIS, | ) | |
| Individually and on behalf of a class of | ) | |
| Persons similarly situated, | ) | |
| | ) | Civil Action No.: 5:10-CV-016 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| SCOTBILT HOMES, INC. and | ) | |
| GEORGIA STATE OFFICE OF | ) | |
| INSURANCE AND SAFETY FIRE | ) | |
| COMMISSIONER, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT SCOTBILT HOMES, INC'S ANSWER AND DEFENSES TO PLAINTIFF'S SECOND AMENDED CLASS ACTION COMPLAINT

Pursuant to Fed. R. Civ. Pro. 8 and 12, Defendant Scotbilt Homes, Inc. (hereinafter "the Defendant") responds to Plaintiff's Second Amended Class Action Complaint [ECF No. 78; (hereinafter "Second Amended Complaint")] as follows:

## AFFIRMATIVE DEFENSES

## FIRST DEFENSE

The Second Amended Complaint, and each count thereof, fails to state a claim against the Defendant upon which relief can be granted.

## SECOND DEFENSE

This Defendant states that some or all of Plaintiffs claims against it may be barred by the statute of limitation for each claim asserted by Plaintiff and purported class members.

## THIRD DEFENSE

This Defendant states that the sole proximate cause of the alleged injuries and damages suffered by Plaintiff and any purported class members may have been the actions, nonactions or negligence of a person or persons other than this Defendant, for whose actions, nonactions or negligence this Defendant is in no way liable. Plaintiff and any purported class members are not, therefore, entitled to recover from this Defendant in this action.

## FOURTH DEFENSE

This Defendant states that the proximate cause of the injuries allegedly sustained by Plaintiff and any purported class members may have been exclusively the combination of actions, nonactions, or negligence of a person or persons other than this Defendant, for whose actions, nonactions, or negligence this Defendant is in no way liable. Plaintiff and any purported class members are therefore not entitled to recover from this Defendant in this action.

## FIFTH DEFENSE

This Defendant states that no actions or non-actions by it constitute the proximate cause of Plaintiff's and any purported class members' alleged injuries. Plaintiff and any purported class members are not, therefore, entitled to recover from this Defendant in this action.

## SIXTH DEFENSE

This Defendant states that the injuries allegedly suffered by Plaintiff and any purported class members are not the foreseeable result of any action or non-action by it, and accordingly, said injuries are too remote to allow a recovery against this Defendant. Plaintiff and any purported class members are not, therefore, entitled to recover from this Defendant in this action.

## SEVENTH DEFENSE

This Defendant states that the injuries allegedly sustained by Plaintiff and any purported class members may have been caused by an intervening, superseding action for which this Defendant is in no way liable.

## EIGHTH DEFENSE

This Defendant is not indebted to or liable to Plaintiff and any purported class members in any manner or amount whatsoever.

## NINTH DEFENSE

Some or all of Plaintiff's and any purported class members' claims may be preempted by federal law.

## TENTH DEFENSE

This Defendant contests the damages and injuries which are being asserted in this claim, and this Defendant demands strict proof thereof.

## ELEVENTH DEFENSE

The alleged injuries and damages suffered by Plaintiff and any purported class members may have been the proximate consequence of misuse and abuse of the product for which this Defendant is not responsible. Plaintiff and any purported class members, therefore, are not entitled to recover from this Defendant in this action.

## TWELVETH DEFENSE

This Defendant denies the breach of any duty owed the Plaintiff

## THIRTEENTH DEFENSE

Plaintiff and any purported class members are not entitled to collect an award of punitive damages from this Defendant because an award of such damages could violate the due process, equal protection and excessive fees clauses of the Georgia and United States Constitution.

## FOURTEENTH DEFENSE

Plaintiff's and any purported class members' claims for punitive damages cannot be sustained because an award of punitive damages under Georgia jury instructions would be unconstitutional since they do not provide constitutionally adequate substantive standards for determining liability for or the appropriate amount of punitive damages, which violates this defendant's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and Article I, Section I, Paragraph I of the Constitution of the State of Georgia.

## FITEENTH DEFENSE

Plaintiff and any purported class members are not entitled to collect an award of punitive damages from this Defendant because Defendant has engaged in no such willful nor wanton conduct which would support an award of punitive damages.

## SIXTEENTH DEFENSE

Plaintiff's and any purported class members' claims for punitive damages cannot be sustained because, under Georgia law, a jury may award punitive damages against this Defendant even if this Defendant has not engaged in intentionally malicious conduct or had no actual knowledge of malicious conduct, in violation of this defendant's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and Article I, Section I, Paragraph I of the Constitution of the State of Georgia.

## SEVENTEENTH DEFENSE

Plaintiff's and any purported class members' claims for punitive damages cannot be sustained because Georgia law regarding the standards for determining liability for and the amount of punitive damages fails to give this Defendant prior notice of the conduct for which punitive damages may be imposed and are void for vagueness in violation of this defendant's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and Article I, Section I, Paragraph I of the Constitution of the State of Georgia.

## EIGHTTEENTH DEFENSE

Plaintiff's and any purported class members' claims for punitive damages cannot be sustained because, under Georgia law, a jury award of punitive damages is not subject to post-trial and appellate court review under constitutionally adequate objective standards to insure that the award is rationally related to the state's legitimate goals of deterrence and retribution, which violates this defendant's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and Article I, Section I, Paragraph I of the Constitution of the State of Georgia.

## NINETEENTH DEFENSE

Plaintiff's and any purported class members' claims for punitive damages cannot be sustained because, under Georgia law, a jury award of punitive damages is not subject to post-trial review through an evidentiary hearing that requires the trial court to weigh the excessiveness of the award, in violation of this defendant's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and Article I, Section I, Paragraph I of the Constitution of the State of Georgia.

## TWENTIETH DEFENSE

Pursuant to O.C.G.A. § 9-15-14, Defendant is entitled to recover their reasonable attorney's fees for the reason that the Plaintiffs' claims in the Second Amended Complaint suffer from a complete absence of justifiable facts or law commensurate with the standards set forth in the statute.

## TWENTY-FIRST DEFENSE

Plaintiff and any purported class members lack standing to pursue some or all of the claims alleged.

## TWENTY-SECOND DEFENSE

Plaintiff's and any purported class members' claims are barred in whole or in part by the doctrine of estoppel.

## TWENTY-THIRD DEFENSE

Plaintiff has failed to join necessary and indispensable parties.

## TWENTY-FOURTH DEFENSE

Defendant's actions were at all times conducted in substantial compliance with all applicable laws, regulations, permits, etc.

## TWENTY-FIFTH DEFENSE

Defendant is informed and believes -- and thereon alleges -- that the damages complained of by Plaintiffs, if there actually are any such damages, said damages being expressly denied by this answering Defendant, were proximately caused by acts of negligence and/or fault of Plaintiffs and/or firms, persons, corporations, or entities other than this answering Defendant, and that such negligence and/or fault comparatively reduces the percentage of any negligence and/or fault attributable to this Defendant or bars this action if it should be found that this answering Defendant was negligent or otherwise at fault, which this answering Defendant

expressly denies.

## TWENTY-SIXTH DEFENSE

Defendant is informed and believes -- and upon such information and belief alleges -- that Plaintiff and any purported class members, with actual and constructive knowledge of the facts is alleged in the Complaint, were under a duty to mitigate their damages, if any, and Plaintiff and any purported class members have failed to fulfill such duties; as a consequence, this answering Defendant alleges that all damages alleged are the sole and/or proximate result of the failure of Plaintiff and any purported class members to mitigate their damages, if any.

## TWENTY-SEVENTH DEFENSE

Defendant is informed and believes -- and therefore alleges -- that Plaintiff and any purported class members have failed to give due, reasonable, and/or otherwise proper notice of the claimed breach of warranty.

## TWENTY-EIGHTH DEFENSE

Defendant denies that jurisdiction exists under 28 U.S.C. § 1332(a) as the amount in controversy in Plaintiff's claim does not exceed $75,000.00

## TWENTY-NINTH DEFENSE

Defendant denies that class action treatment is appropriate in this action and specifically denies that jurisdiction is proper under 28 U.S.C. § 1332(d).

## THIRTIETH DEFENSE

Some or all of Plaintiff's claims and the claims of any purported class members' may be barred by contributory negligence.

## THIRTY-FIRST DEFENSE

Some or all of Plaintiff's claims and the claims of any purported class members' may be barred by collateral estoppel or res judicata.

## THIRTY-SECOND DEFENSE

Some or all of Plaintiff's claims and the claims of any purported class members' may be barred by the statute of frauds.

## THIRTY-THIRD DEFENSE

Plaintiff's and any purported class members' claims are barred in whole or in part by the doctrine of waiver.

## THIRTY-FOURTH DEFENSE

Plaintiff's and any purported class members' claims are barred in whole or in part by the doctrine of laches.

## THIRTY-FIFTH DEFENSE

Plaintiff's and any purported class members' claims are barred in whole or in part by the doctrine of release.

## THIRTY-SIXTH DEFENSE

To the extent not specifically stated herein, the Defendant hereby incorporates each and every affirmative defense and specific response asserted in its original Answer [ECF No. 13] to Plaintiff's originally-filed Complaint [ECF No. 1] and Answer [ECF No. to Plaintiff's Second Amended Complaint

## THIRTY-SEVENTH DEFENSE

In response to allegations set forth in the numbered paragraphs of the Plaintiff's Second Amended Complaint, the Defendant states:

## INTRODUCTION

1.      Defendant admits that Plaintiff purports to bring the instant action on behalf of herself and other individuals who purchased a manufactured home that was manufactured and sold by Defendant. Defendant denies that Plaintiff's Second Amended Complaint states a cause of action upon which relief can be granted or that class action treatment of the claims set forth is appropriate.

2.      Defendant admits that when Plaintiff purchased her manufactured home she was provided an insulation disclosure form or other form disclosing the amount and R-Value of the insulation that was installed in her home. Defendant lacks sufficient knowledge concerning whether other similarly situated persons exist, whom the alleged similarly situated persons may be, or whether the alleged similarly situated persons received an insulation disclosure form and/or other forms that disclosed the amount and R-Value of insulation that was installed in their homes. These allegations are therefore denied by operation of law. Defendant denies the remaining allegations of Paragraph 2.

3.      Defendant admits that Plaintiff's actions seeks an order permanently enjoining Defendant from manufacturing and selling homes with a lower R-value of insulation than is represented and requiring Defendant to add more insulation to homes already sold as well as to homes manufactured by Defendant in the future. Defendant denies that Plaintiff or any other past or future purchasers of products from this Defendant are entitled to any relief whatsoever, or that Defendant breached any obligation to this Plaintiff or others or that Defendant committed any of the acts or violations set forth in Paragraph 3. Defendant specifically denies all other allegations set forth in Paragraph 3.

4. Defendant admits that Plaintiff seeks certification of a Class comprised of all United States residents who purchased a home manufactured and sold by Scotbilt who paid for goods and/or services they did not receive in the form of a lower R-value of insulation as a result of improper conduct of Defendant. Defendant denies that Plaintiff's Second Amended Complaint states a cause of action upon which relief can be granted, that any persons exist who received goods or services in the form of a lower R-value of insulation as a result of any improper conduct of Defendant, and denies that class treatment of the allegations set forth in this Complaint is appropriate. Defendant specifically denies any and all other allegations set forth in Paragraph 4 of Plaintiff's Second Amended Complaint.

5. Defendant denies the allegations in Paragraph 5, including sub-paragraphs (a) through (c), of Plaintiff's Second Amended Complaint, both generally and specifically.

6. Defendant admits that Plaintiff brings the instant Second Amended Complaint alleging the four counts set forth in Paragraph 6. Defendant denies that Plaintiff's Second Amended Complaint states a cause of action upon which relief can be granted, that Defendant committed any actionable wrong under any of the counts set forth in Paragraph 6, or that Plaintiff or any potential class members are entitled to any relief whatsoever under the causes of action set forth in Paragraph 6 of the Second Amended Complaint Complaint.

## JURISDICTION AND VENUE

7. Defendant denies that the aggregate damages at issue in this matter are in excess of $5,000,000.00, as required for class jurisdiction under 28 U.S.C. § 1332(d). Defendant denies that the number of potential class members based on Plaintiff's definition of the Class is either ascertainable or exceeds 100 members as required under 28 U.S.C. § 1332(d). Defendant admits that it is a resident of the state of Georgia. Defendant denies that jurisdiction is proper under 28

U.S.C. § 1332(d)(2)(A). Defendant denies that jurisdiction is proper under 28 U.S.C. § 1332(a)(1) as Defendant lacks sufficient knowledge to admit or deny whether Plaintiff is a resident of Florida which allegation is therefore denied by operation of law and denies that Plaintiff's claim exceeds the sum of $75,000.00. Defendant denies that the Court should exercise supplemental jurisdiction over the Plaintiff's state law claims. Any remaining allegations of Paragraph 7 of the Complaint are denied.

8. Defendant admits that if jurisdiction is found to be proper in this matter, that venue is likewise proper under 28 U.S.C. § 1391. However, Defendant denies that jurisdiction or venue are proper.

9. Defendant admits the allegations in Paragraph 9 of Plaintiff's Second Amended Complaint.

10. Defendant admits that its headquarters are located within this District. Defendant denies the remaining allegations in Paragraph 10.

11. Defendant denies the allegations in Paragraph 11 of Plaintiff's Second Amended Complaint.

## PARTIES

### Plaintiff

12.    Defendant lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 12 of Plaintiff's Second Amended Complaint, which are therefore denied by operation of law.

### Defendant

13.    Defendant admits that Scotbilt Homes, Inc. is a Georgia corporation with its principle place of business located at 2888 Fulford Road, Waycross, Georgia 31503 and that Sam P. Scott is its registered agent for service in the state of Georgia. Defendant additionally admits that it manufactures homes in the state of Georgia. Defendant denies that it sells homes throughout the United States. By way of further explanation Defendant states that dealers offering homes manufactured by Defendant exist in Florida, Georgia, Louisiana, Mississippi, North Carolina and South Carolina. Defendant denies any remaining allegations of Paragraph 13.

### FACTS

14.    Defendant admits that Scotbilt installs insulation in homes it manufactures, including the installation of insulation in the roof and/or attic. Defendant denies the remaining allegations in Paragraph 14.

15.    The allegations set forth in Paragraph 15 contain legal conclusions to which no response is required. To the extent that any response is required, Defendant denies the allegations of Paragraph 15 as stated.

16. The allegations set forth in Paragraph 16 contain legal conclusions to which no response is required. To the extent that any response is required, Defendant denies the allegations of Paragraph 16 as stated.

17. The allegations set forth in Paragraph 17 contain legal conclusions to which no response is required. To the extent that any response is required, Defendant denies the allegations of Paragraph 17 as stated.

18. Defendant denies the allegations in Paragraph 18 of Plaintiff's Second Amended Complaint, both generally and specifically.

19. Defendant admits that for insulation installed in the roof and/or attic cavity of homes it manufactures, blown insulation manufactured by US GreenFiber LLC or other insulation manufacturers is utilized. Defendant denies the remaining allegations in Paragraph 19.

20. Defendant admits that the R-value relates to the insulation's resistance to heat flow and that the greater the R-value, the greater the insulating effectiveness. Defendant denies the remaining allegations in Paragraph 20.

21. Defendant denies the allegations in Paragraph 21 of Plaintiff's Second Amended Complaint, both generally and specifically.

22. Defendant admits that it is important to properly install insulation according to the insulation manufacturer's instructions. Defendant denies the remaining allegations set forth in Paragraph 22 as stated.

23. Defendant denies the allegations in Paragraph 23 of Plaintiff's Second Amended Complaint, both generally and specifically.

24.    Defendant admits that on December 22, 2000 the Federal Trade Commission issued a letter to Mr. Ivan T. Smith, Technical Director of US GreenFiber LLC, regarding the installation of loose-fill and sprayed insulation. Defendant denies the remaining allegations in Paragraph 24.

25.    Defendant denies the allegations in Paragraph 25 of Plaintiff's Amended Complaint.

26.    Defendant denies the allegations in Paragraph 26 of Plaintiff's Second Amended Complaint, both generally and specifically.

27.    Defendant denies the allegations in Paragraph 27 of Plaintiff's Second Amended Complaint, both generally and specifically.

28.    Defendant denies the allegations in Paragraph 28 of Plaintiff's Second Amended Complaint.

29.    Defendant denies the allegations in Paragraph 29 of Plaintiff's Second Amended Complaint as stated.

30.    Defendant denies the allegations in Paragraph 30 of Plaintiff's Second Amended Complaint.

31.    The allegations contained in Paragraph 31 contain legal conclusions to which no response is required. To the extent that a response is required Defendant denies the allegations set forth in Paragraph 31 and denies that it committed any actionable wrongdoing whatsoever.

32.    Defendant denies the allegations in Paragraph 32 of Plaintiff's Second Amended Complaint.

**SHEILA LEWIS' TRANSACTION**

33.     Defendant admits the allegations contained in Paragraph 33 of Plaintiff's Second Amended Complaint.

34.     Defendant admits that a Consumer Information Form accompanied the Lewis' home, indicating that the insulation in the ceiling had an R-value of R-21. Defendant likewise admits that a document accompanied the Lewis' home, indicating that the U-value was .046. Defendant denies the remaining allegations of Paragraph 34.

35.     Defendant denies the allegations set forth in Paragraph 35 of Plaintiff's Second Amended Complaint, which are therefore denied by operation of law.

36.     Defendant denies the allegations contained in Paragraph 36 of Plaintiff's Second Amended Complaint.

**ALLEGATIONS REGARDING TOLLING**

37.     Defendant denies the allegations contained in Paragraph 37 of Plaintiff's Second Amended Complaint.

38.     Defendant denies the allegations contained in Paragraph 38 of Plaintiff's Second Amended Complaint.

39.     Defendant denies the allegations contained in Paragraph 38 of Plaintiff's Second Amended Complaint.

40.     Defendant admits that Plaintiff through her counsel issued a demand letter dated September 18, 2007.  In further response, Defendant states that the content of the September, 2007 letter from Plaintiff's counsel speaks for itself.  Defendant specifically denies that potential class members are entitled to any relief whatsoever or that Defendant committed any

wrongdoing.  Defendant denies the remaining allegations of Paragraph 40 of Plaintiff's Second Amended Complaint.

41.     Defendant admits that Plaintiff filed a Class Action Arbitration against Scotbilt before the American Arbitration Association (AAA) alleging defects in the insulation in the mobile home purchased by Plaintiff.  Defendant denies the remaining allegations of Paragraph 41 of Plaintiff's Second Amended Complaint.

42.     Defendant denies the allegations in Paragraph 42 of Plaintiff's Second Amended Complaint.  By way of further explanation, Plaintiff notified AAA of her intention to dismiss the arbitration on June 3, 2009.

43.   Defendant denies the allegations of Paragraph 43 of Plaintiff's Second Amended Complaint and the footnote following Paragraph 43 of Plaintiff's Second Amended Complaint.

44.   Defendant denies the allegations of Paragraph 44 of Plaintiff's Second Amended Complaint.

## CLASS ACTION ALLEGATIONS

45.   Defendant admits that Plaintiff purports to bring this action on behalf of herself and all members of a Class composed of all those persons who purchased a manufactured home that was manufactured by Scotbilt Homes, Inc. who had blown insulation installed in their manufactured home at an insufficient depth to provide the R-Value represented. Defendant denies that Plaintiff is a suitable Class representative, that the Class is ascertainable, or that the class claims set forth herein are suitable for class treatment.

46.     Defendant denies the allegations in Paragraph 46 of Plaintiff's Second Amended Complaint.

47.     Defendant denies the allegations in Paragraph 47 of Plaintiff's Second Amended Complaint.

48.     Defendant denies the allegations in Paragraph 48 including sub-paragraphs (a) through (h) of Plaintiff's Second Amended Complaint.

49.     Defendant denies the allegations in the second Paragraph 49 of Plaintiff's Second Amended Complaint in the section entitled "Class Action Allegations."

49.     Defendant denies the allegations in Paragraph 34 of Plaintiff's Second Amended Complaint.

50.     Defendant denies allegations in Paragraph 50 of Plaintiff's Second Amended Complaint.

51.     Defendant lacks sufficient knowledge to admit or deny the allegations of paragraph 51 of Plaintiff's Second Amended Complaint which are therefore denied by operation of law.

52.     Defendant denies the allegations in Paragraph 52 of Plaintiff's Second Amended Complaint and specifically denies that potential class members are entitled to any relief whatsoever or that Defendant committed any wrongdoing.

53.     Defendant denies the allegations in Paragraph 53 of Plaintiff's Second Amended Complaint.

54.     Defendant denies the allegations in Paragraph 54 of Plaintiff's Second Amended Complaint.

55.     Defendant denies the allegations in Paragraph 55 of Plaintiff's Second Amended Complaint.


## **COUNT 1**

**BREACH OF EXPRESS WARRANTY**

**COUNT III**

**VIOLATION OF GEORGIA UNIFORM DECEPTIVE TRADE PRACTICES ACT**

**(Ga. Code Ann. § 10-1-370)**

56. The Defendant incorporates by reference its responses to all of the preceding paragraphs.

57. Defendant denies the allegations in Paragraph 57 of Plaintiff's Second Amended Complaint.

58. Defendant denies the allegations in Paragraph 58 of Plaintiff's Second Amended Complaint.

59. Defendant denies the allegations in Paragraph 59 of Plaintiff's Second Amended Complaint.

60. Defendant denies the allegations in Paragraph 60 of Plaintiff's Second Amended Complaint.

**COUNT IV**

**VIOLATION OF GEORGIA FAIR BUSINESS PRACTICES ACT**

**(Ga. Code Ann. § 10-1-390, et seq)**

61. The Defendant incorporates by reference its responses to all of the preceding paragraphs.

62. Defendant denies the allegations in Paragraph 62 of Plaintiff's Second Amended Complaint.

63. Defendant denies the allegations in Paragraph 63 of Plaintiff's Second Amended Complaint.

64. Defendant denies the allegations in Paragraph 64 of Plaintiff's Second Amended Complaint.

65. Defendant denies the allegations in Paragraph 65 of Plaintiff's Second Amended Complaint.

66. Defendant denies the allegations in Paragraph 66 of Plaintiff's Second Amended Complaint.

## COUNT V

## UNJUST ENRICHMENT

67. Defendant incorporates by reference its responses to all of the preceding paragraphs.

68. Defendant denies the allegations in Paragraph 68 of Plaintiff's Second Amended Complaint.

69. Defendant denies the allegations in Paragraph 69 of Plaintiff's Second Amended Complaint.

70. Defendant denies the allegations in Paragraph 70 of Plaintiff's Second Amended Complaint.

## COUNT VI

## MISREPRESENTATION BY CONCEALMENT

71. Defendant incorporates by reference its responses to all of the preceding paragraphs.

72. Defendant denies the allegations in Paragraph 72 of Plaintiff's Second Amended Complaint.

73. Defendant denies the allegations in Paragraph 73 of Plaintiff's Second Amended Complaint.

74. Defendant denies the allegations in Paragraph 74 of Plaintiff's Second Amended Complaint.

75. Defendant denies the allegations in Paragraph 75 of Plaintiff's Second Amended Complaint.

## **PRAYER FOR RELIEF**

FURTHERMORE, responding to the unnumbered paragraph following Paragraph 75 entitled "Prayer For Relief" which begins with the phrase, "Wherefore, Plaintiff prays for an award against Scotbilt as follows:", Defendant denies that Plaintiff is entitled to any of the relief requested and requests that all such prayers for relief be denied.

WHEREFORE, Defendant prays that:

a.  Plaintiff's prayer for Class Certification be denied;

b.  Plaintiff's Complaint be dismissed with prejudice;

c.  Defendant be awarded its attorneys' fees and costs in defending this action;

d.  Defendant be awarded its attorneys' fees and expenses pursuant to O.C.G.A. § 10-1-373(b); and

e.  For any other and further relief that is deemed just and proper by the Court.


RESPECTFULLY SUBMITTED this 7th day of October, 2011.


ROBERTS TATE, LLC


*/s/ James L. Roberts, IV*
James L. Roberts, IV
Georgia Bar No.: 608580
Jason M. Tate
Georgia Bar No.: 140827

*ATTORNEYS FOR DEFENDANT*

P.O. Box 21828
400 Main Street Cottage 1
St. Simons Island, GA 31522
Telephone (912) 638-5200
Facsimile: (912) 638-5300

CONNER AND JACKSON, PC

Neal L. Conner, Jr.
Georgia Bar No.: 182000

P.O. Box 1278                    *ATTORNEYS FOR DEFENDANT*
Waycross, GA 31502              *SCOTBILT HOMES, INC.*
Phone: (912)-283-4394
Fax: (912)-285-9813

<u>**CERTIFICATE OF SERVICE**</u>

This is to certify that I have this date served a copy of the foregoing **DEFENDANT SCOTBILT'S ANSWER & DEFENSES TO PLAINTIFF'S SECOND AMENDED CLASS ACTION COMPLAINT** via the Court's CM/ECF system, which will automatically send e-mail notification of such filing to all counsel of record.

The following have been notified via U.S. Mail:

Joe R. Whatley, Jr., Esq.
Edith M. Kallas, Esq.
WHATLEY DRAKE & KALLAS, LLC
1540 Broadway, 37th Floor
New York, New York 10036

W. Tucker Brown, Esq.
Sara C. Hacker, Esq.
WHATLEY DRAKE & KALLAS, LLC
1000 Park Place Towers
2001 Park Place North
Birmingham, Alabama 35203

Lynn W. Jinks, III, Esq.
Nathan A. Dickson, II, Esq.
JINKS, CROW & DICKSON, PC
P.O. Box 350
Union Spring, AL 36089

David Selby, II, Esq.
KEE & SELBY LLP
1900 International Park, Suite 220
Birmingham, AL 35243

This 7th day of October, 2011.

<u>*/S/ JAMES L. ROBERTS, IV*</u>
James L. Roberts, IV