# In the United States District Court
# for the Southern District of Georgia
# Waycross Division

| | |
|---|---|
| SHEILA LEWIS, Individually and on a behalf of a class of persons similarly situated, | * |
| | * |
| Plaintiff, | * |
| | * |
| vs. | * |
| | *       CV 510-016 |
| SCOTBILT HOMES, INC.; and GEORGIA STATE OFFICE OF INSURANCE AND SAFETY COMMISSIONER, | * |
| | * |
| | * |
| | * |
| Defendants. | * |

## ORDER

Presently before the Court is Defendant Scotbilt Homes, Inc.'s Motion to Dismiss. See Dkt. No. 82. Upon due consideration, the Defendant's Motion is **GRANTED in part** and **DENIED in part.** The Defendant's Motion is **GRANTED** as to Plaintiff's claim under the Georgia Uniform Deceptive Trade Practices Act and Plaintiff's claim under the Georgia Fair Business Practices Act. The Defendant's Motion is **DENIED** as to Plaintiff's claims for unjust enrichment and misrepresentation by concealment.

**BACKGROUND**

Defendant ScotBilt Homes, Inc. ("Defendant") manufactures and sells new manufactured homes and installs insulation in the

AO 72A
(Rev. 8/82)

roof and/or attic cavities of those homes. Defendant is required by law to provide to purchasers the type, thickness, and R-Value of the insulation installed. Dkt. No. 78 at ¶ 15; see also 16 C.F.R. § 460 et seq. An R-Value is a number indicating the insulation's resistance to heat flow. 16 C.F.R. § 460.5. A higher R-Value indicates that the insulation is more effective (i.e. more resistant to heat flow). Dkt. No. 78 at ¶ 20. Plaintiff contends that the Defendant systemically represents that insulation installed in its manufactured homes is installed to a certain R-Value when, in fact, the actual R-Value is less than what is promised. Id.

In May of 2005, Plaintiff Sheila Lewis ("Plaintiff") purchased a home manufactured by the Defendant. Id. at ¶ 33. As part of the purchase of the home, Plaintiff received a "sales order form and/or an Insulation Disclosure form from Scotbilt that represented to Plaintiff that the insulation in the attic cavity of her manufactured home would have an R-Value of R-21." Id. at 34. Plaintiff contends that the R-Value is in fact lower than what Defendant represented. Plaintiff avers that by representing to Plaintiff that she was receiving a higher R-Value of installation than what was actually installed, Defendant has violated various laws. Id. at ¶ 36.

Plaintiff alleges that she gave notice to the Defendant of the insulation defect in a certified demand letter which was

received by Defendant on September 20, 2007. Id. at ¶ 40. On April 28, 2008, Plaintiff filed a class arbitration with the American Arbitration Association (AAA) asserting the same factual allegations as pled in the instant action.[1] Id. at ¶ 41; Dkt. No. 83 at 1. After the arbitration had been pending for one year and three months, the parties agreed that the class claims could proceed in court rather than in arbitration. Thus, the arbitration was dismissed by the AAA on July 15, 2009. Dkt. No. 78 at ¶ 42.

Upon dismissal of the arbitration, the parties entered into the following agreement regarding any applicable statutes of limitations:

> Ms. Lewis' statutes of limitations for all her claims, and those of any putative class member, to the extent the statutes of limitations had not run prior to Ms. Lewis filing her arbitration demand, are tolled from the date of the filing of the original Arbitration demand until such time as the [sic] Ms. Lewis re-files her case provided such re-filing is within 120 days of the dismissal of the AAA arbitration.

Dkt. No. 75-1 at 3; Dkt. No. 78 at 11 n.1.[2]

---

[1] Plaintiff alleges that she submitted her claim to the American Arbitration Association because that was the procedure provided for in her homeowner's manual provided to her when she purchased the home from the Defendant. Dkt. No. 78 at ¶ 41.

[2] The Court is permitted to consider the parties' tolling agreement at the motion to dismiss stage. See Maxcess, Inc. v. Lucent Tech., Inc., 433 F.3d 1337, 1340 n.3 (11th Cir. 2005) ("a document outside the four corners of the complaint may still be considered if it is central to the plaintiff's claims and is undisputed in terms of authenticity") (citing Horsley v. Feldt, 304 F.3d 1125, 1135 (11th Cir. 2002)).

AO 72A
(Rev. 8/82)

Plaintiff filed her original complaint in this Court on February 3, 2010. Dkt. No. 1. This complaint pled eight counts under state and federal law. The Defendant filed its first motion to dismiss on May 3, 2010, and this Court issued an Order granting portions of the Defendant's motion to dismiss, requiring the amendment of some of the Plaintiff's claims, allowing the Plaintiff time to add an additional claim, and requiring the Plaintiff to add the Georgia State Office of Insurance and Safety Fire Commissioner as a party. Dkt. No. 27 at 23-24. On November 10, 2010, Plaintiff filed her First Amended Complaint alleging six counts under state and federal law, Dkt. No. 34, and on December 22, 2010, the Defendant filed its motion to dismiss the First Amended Complaint. Dkt. No. 50. This Court, by Order on September 2, 2011, granted the Defendant's motion to dismiss the First Amended Complaint in part and granted Plaintiff leave to amend her First Amended Complaint and "add[] only factual allegations regarding the arbitration as it relates to the timeliness" of certain claims asserted in the First Amended Complaint. Dkt. No. 77 at 11. The Court further instructed Plaintiff that it would not consider any other facts or claims raised for the first time in the Second Amended Complaint. Id.

The end-result of the extensive filings recounted above is the Plaintiff's Second Amended Complaint. Dkt. No. 78.

AO 72A
(Rev. 8/82)

Plaintiff's Second Amended Complaint is pled in four Counts:
Count I: violation of the Georgia Uniform Deceptive Trade
Practices Act; Count II: violation of the Georgia Fair Business
Practices Act; Count III: unjust enrichment; and Count IV:
misrepresentation by concealment. Dkt. No. 78. Currently before
the Court is the Defendant's Motion to Dismiss the Plaintiff's
Second Amended Complaint pursuant to Rules 12(b)(6) and 9(b) of
the Federal Rules of Civil Procedure.

**LEGAL STANDARD**

"A pleading that states a claim for relief must contain . .
. a short and plain statement of the claim showing that the
pleader is entitled to relief." Fed. R. Civ. P. 8. To survive
a motion to dismiss, "a complaint must contain sufficient
factual matter, accepted as true, to 'state a claim for relief
that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S.
662, 678 (2009) (quoting Bell Atl. v. Twombly, 550 U.S. 544, 570
(2007)). A plaintiff must allege more than mere "labels and
conclusions." Twombly, 550 U.S. at 545. Rather, the complaint
must include "[f]actual allegations ... [sufficient] to raise a
right to relief above the speculative level." Id. (citations and
internal quotations omitted). Although Rule 8 of the Federal
Rules of Civil Procedure does not require detailed factual
allegations, it does demand "more than an unadorned, the-

AO 72A
(Rev. 8/82)

defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678.

Where a defendant challenges a complaint for failing to adequately state a claim upon which relief can be granted, the court should apply a "two-pronged approach" in analyzing the complaint. See Am. Dental Ass'n v. Cigna Corp., 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting Ashcroft v. Iqbal, 129 S.Ct. 1937, 1950 (2009) in resolving a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)). First, the court should "eliminate any allegations in the complaint that are merely legal conclusions." Id. This first prong excludes "threadbare recitals of a cause of action's elements, supported by mere conclusory statements." Iqbal, 556 U.S. at 663. Second, the court should assume that all well-pleaded factual allegations are true "and then determine whether [those allegations] plausibly give rise to an entitlement to relief." Am. Dental Ass'n, 605 F.3d at 1290. In determining plausibility, the court should "draw on its experience and common sense." Iqbal, 556 U.S. at 664. Moreover, it is proper for the court to infer "'obvious alternative explanation[s]' which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." Am. Dental Ass'n, 605 F.3d at 1290 (quoting Iqbal and relying on Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)). Ultimately, if the plaintiff has not

AO 72A
(Rev. 8/82)

"nudged [its] claims across the line from conceivable to plausible, the[] complaint must be dismissed." Id. at 1289 (quoting Twombly, 550 U.S. at 570).

**DISCUSSION**

1. Statute of Limitation

The heart of Defendant's current motion is that all of the claims which the Plaintiff asserts in her Second Amended Complaint are untimely, as each claim was filed outside of its respective statute of limitation. Plaintiff's claims for violations of the Georgia Uniform Deceptive Trade Practices Act (UDTPA), for unjust enrichment, and for misrepresentation by concealment all have a four-year statute of limitation. See Kason Indus., Inc. v. Component Hardware Grp., Inc., 120 F.3d 1199, 1204-05 (11th Cir. 1997) (concluding that the UDTPA is subject to a four-year statute of limitation); Renee Unlimited, Inc. v. City of Atlanta, 687 S.E.2d 233, 237 (Ga. Ct. App. 2009) (noting that unjust enrichment is subject to a four-year statute of limitation); O.C.G.A. § 9-3-31 (the statute of limitation for injuries to personalty is four years after the right of action accrues). In contrast, Plaintiff's claim arising under the Georgia Fair Business Practices Act (FBPA) is subject to a two-year statute of limitation. See O.C.G.A. § 10-1-401(a)(1) (stating that no action shall be brought under the FBPA "[m]ore

AO 72A
(Rev. 8/82)

than two years after the person bringing the action knew or should have known of the occurrence of the alleged violation"). Since the Plaintiff made her purchase from the Defendant in May of 2005 and this lawsuit was not filed until February of 2010 – a period of over four years – the Defendant submits that all of the current claims asserted by the Plaintiff are barred.

The Defendant further contends that the prior arbitration between the parties – which was predicated on the same facts presently before the Court – has no tolling effect on the Plaintiff's current claims. Dkt. No. 83 at 5-9. In contrast, the Plaintiff argues that these statutes of limitations were tolled during the pendency of arbitration, and in taking into account this tolling, all the claims she now asserts are properly before the Court. Dkt. No. 86.

The Supreme Court of Georgia has not had the occasion to address the precise issue currently before the court – whether the submission to binding arbitration in accordance with an arbitration agreement tolls an applicable statute of limitation during the pendency of arbitration. Other states who have addressed the tolling effect that arbitration has on an applicable statute of limitation – either by statutory or judicial determination – have come to differing conclusions in a variety of contexts. Compare, Fl. Stat. § 95.051(1)(g) ("The running of the time under any statute of limitations . . . is

tolled by: [t]he pendency of any arbitral proceeding pertaining to a dispute that is the subject of the action."); Wis. Stat. Ann. § 631.83(5) ("The period of limitation is tolled during the period in which the parties conducted an appraisal or arbitration procedure prescribed by the insurance policy or by law or agreed to by the parties."); Troeller v. Klein, 82 A.D.3d 513, 514 (N.Y. 1st Dep't 2011) ("To toll the statute of limitations, the arbitration must have been instituted by the parties in order to resolve the present controversy.") (internal citations and quotations omitted); Nowlin v. Gen. Tel. Co., 444 S.E.2d 508, 509 (S.C. 1994) (noting that "arbitration proceedings do not toll the statute of limitations on parallel remedies; the statute is tolled only on actions involving the claim submitted to arbitration"); with Johnson v. Santos, 196 Cal. Rptr. 145, 150-51 (Cal. Ct. App. 1983) (rejecting the insurer's defense and concluding that the time spent arbitrating the dispute extends the statute-of-limitation period under California law); Wilhelm v. Frampton, 158 P.3d 310, 312 (Idaho 2007) (finding that a non-binding arbitration proceeding conducted by state bar regarding former client's fee dispute did not toll the statute of limitations); Varga v. Heritage Hosp., 362 N.W.2d 282, 282 (Mich. Ct. App. 1984) (holding that medical malpractice statute of limitations was not tolled during the period that the parties were in arbitration).

As a federal court sitting in diversity, this Court is required to apply the law as declared by the state's highest court. Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78 (1938). As stated above, the Georgia Supreme Court, however, has not addressed the issue of whether a statute of limitation is tolled during the pendency of a binding arbitration pursuant to an arbitration agreement. In the absence of authority directly on point, this Court must determine this issue of state law as we believe the Georgia Supreme Court would. See CSX Transp., Inc. v. Trism Specialized Carriers, Inc., 182 F.3d 788, 790 (11th Cir. 1999) (citing Towne Realty, Inc. v. Safeco Ins. Co. of Am., 854 F.2d 1264, 1269 (11th Cir. 1988)). In doing so, the Court is to follow relevant decisions of Georgia's intermediate court, absent some persuasive indication that the state's highest court would decide the issue otherwise. Davis v. Nat'l Med. Enter., Inc., 253 F.3d 1314, 1319 n.6 (11th Cir. 2001).

In analyzing such relevant authority, the Court is of the opinion that the Georgia Supreme Court would hold that the Plaintiff's submission to binding arbitration, in accordance with the parties' arbitration agreement, tolled the applicable statutes of limitations in this case. This conclusion is deduced from analyzing case law decided by the Georgia Court Appeals in similar circumstances.

AO 72A
(Rev. 8/82)

For example, in a similar context, the Georgia Court of Appeals has held that a client's timely petition to arbitrate under the Arbitration of Fee Disputes (AFD) program, prior to the expiration of statute of limitation applicable to the action sought to be arbitrated, tolled the statute of limitation during pendency of arbitration proceedings. Antinoro v. Browner, 478 S.E.2d 392, 395 (Ga. Ct. App. 1996).[3] The Georgia Court of Appeals reasoned that a "basic purpose of the AFD program is to provide a means to encourage the resolution of fee disputes between lawyers and clients without resort to traditional litigation" and that "in order to give effect to this purpose and encourage use of the program . . . [the plaintiff's] timely filing of a petition to arbitrate under the AFD program prior to the expiration of the four-year statute of limitation applicable to the civil action sought to be arbitrated tolled the statute of limitation during the pendency of the AFD proceedings." Id. The court further opined that the arbitration provided "notice to respondents of the complaint and notice of and the right to attend all arbitration hearings" and thus, "tolling the applicable statute of limitation during the AFD proceedings does not frustrate the fundamental purpose of the limitation period which is to ensure that an adverse party has timely notice of a

---

[3] The AFD is a program designed to provide alternative method to traditional litigation to resolve disputes between lawyers and clients over fees.

AO 72A
(Rev. 8/82)

claim so he can investigate the claim and prepare a defense while the facts are still fresh." Id. (citations omitted).

Likewise, in Butler v. Glen Oak's Turf, Inc., 395 S.E.2d 277 (Ga. Ct. App. 1990), the Georgia Court of Appeals held that workers' compensation proceedings tolled the running of the statute of limitation applicable to a tort claim. The court in Butler relied on the reasoning set forth in the California Supreme Court's decision in Elkins v. Derby, 12 Cal.3d 410, 415 (1974) in stating:

> the statute [of limitation] may properly be tolled for the period during which plaintiff pursued his compensation remedy . . . [A]n awkward duplication of procedures is not necessary to serve the fundamental purpose of the limitations statute, which is to insure timely notice to an adverse party so that he can assemble a defense when the facts are still fresh. The filing of a compensation claim accomplishes the purpose and the tolling of the statute does not frustrate it.

Butler, 395 S.E.2d at 278. The court in Butler further reasoned that "because appellant was legally barred from pursuing her common law claim against appellee . . . the statute of limitation was tolled during that period." Id. at 280.

The Court finds two of the fundamental considerations discussed in Antinoro and Butler are similarly applicable here. Specifically, the purposes of promoting arbitration as an alternative to traditional litigation is furthered by the allowance of tolling under the facts of this case, Antinoro, 478

12

S.E.2d at 395, and that the Defendant was put on full and timely notice of the Plaintiff's claims against it through Plaintiff's submission to binding arbitration predicated on the same facts. Butler, 395 S.E.2d at 278; see also Mitcham v. Blalock, 447 S.E.2d 83, 86 (Ga. Ct. App. 1994) (noting that in Butler "this court adopted reasoning that the purpose of the statute of limitation was accomplished because the employer was placed on notice of the employee's alleged injuries within the applicable limitation period by virtue of the pending workers' compensation claim").[4]

The Court finds further support for this conclusion in another line of cases decided by the Georgia Court of Appeals in the insurance context. In situations where parties enter a contractual agreement limiting the time in which the parties are entitled to file a claim, Georgia courts have held that the period of limitation is tolled by pendency of an arbitration proceeding. Beavers v. Pac. Nat. Fire Ins. Co., 68 S.E.2d 717, 717 (Ga. Ct. App. 1952); see also Nicholson v. Nationwide Mut.

---

[4] The Georgia Court of Appeals in Mitcham was charged with determining whether arbitration tolled the statute of limitation against certain defendants in the action. 447 S.E.2d at 86. Notably, the court determined that the plaintiff's arbitration had not tolled the applicable statute of limitation because the specific defendants at issue were never served with notice of the prior arbitration. Id. Thus, the reasoning set forth in Butler was not applicable because the defendants were not put on notice of the claims within the applicable statute of limitation. Id. The Court did not give any indication, however, that the reasoning set forth in Butler was somehow inapplicable in the context of arbitration generally – provided that the adverse party was actually put on notice of the arbitration proceeding.

AO 72A
(Rev. 8/82)

Fire Ins. Co., 517 F. Supp. 1046, 1050 (N.D. Ga. 1981) ("Georgia courts have held that the twelve-month period is tolled when the parties agree to submit a disputed claim to arbitration.").[5]  For example, in Beavers a fire insurance policy contained a limitation of one year from the inception of loss within which to bring an action on the policy. 68 S.E.2d at 717.  The policy also provided for arbitration.  The insurer in Beavers called for arbitration and an award was returned four months after the loss.  The Georgia Court of Appeals ultimately held that the limitation period for bringing an action on the policy was extended twelve months from the date of the arbitration proceedings. Id.  Thus, the plaintiff's filing of suit fifteen months after the occurrence of a fire was timely, as the limitation period had been extended to sixteen months. Id.

In consideration of the above authority, the Court believes that if faced with this issue the Georgia Supreme Court would conclude that the statutes of limitations on Plaintiff's claims were tolled during the pendency of her arbitration.

---

[5] A similar rule exists in this context with regard to appraisal agreements. See Peeples v. W. Fire Ins. Co., 99 S.E.2d 349, 351-52 (Ga. Ct. App. 1957) ("The agreement to have an appraisal made operated to toll the period of limitations stipulated in the contract. Therefore, the period of limitations did not run during the period the agreement for an appraisal was pending."). In at least one situation that the Court is aware of, the period of limitation provided by a Georgia statute was tolled during the pendency of appraisal proceedings as well. See S. Gen. Ins. Co. v. Kent, 370 S.E.2d 663, 665 (Ga. Ct. App. 1988) ("Based on the fact that the period of limitation in which one may file suit is tolled during the pendency of appraisal proceedings . . . we hold that the 60-day period of O.C.G.A. § 33-4-6 is likewise tolled during the pendency of appraisal proceedings.") (internal citations omitted).

AO 72A
(Rev. 8/82)

Consequently, Plaintiff's claims which are subject to a four-year statute of limitation (Plaintiff's claims for violations the Georgia UDTPA, for unjust enrichment, and for misrepresentation by concealment) are timely.

The Court's determination on this issue is buttressed by the lack of authority available to the Defendant in making its counter argument. Defendant's principle argument is based on the Georgia Court of Appeals' decision in Rakestraw v. Berenson, 266 S.E.2d 249 (Ga. Ct. App. 1980). In Rakestraw the court held that a statute of limitation period was not tolled by the filing of a lawsuit.[6] Id. at 250-51. Thus, while Georgia's renewal statute provides a six-month window in which a party may re-file after voluntarily dismissing an action, the pendency of a lawsuit does not toll the applicable statute of limitation. Id. at 251. Defendant's argument that Rakestraw controls is based on its contention that "the Arbitration was the equivalent to the filing of a prior suit in state or federal court." Dkt. No. 83

---

[6] More specifically the court in Rakestraw noted:

> The statute of limitation begins to run on the date of the tortious conduct. It continues to run until its running effects a bar to any action based upon that misconduct. Logically, if a complaint is filed within the time allotted by statute (in this case two years), any limitation on the action is thrust into a legal limbo, in that the statute continues to run but has no tolling effect upon the pending action . . . [t]hus so long as the case is pending the statute of limitation has no tolling effect.

Id. at 250-51.

AO 72A
(Rev. 8/82)

at 8.  Not only is this assertion not accompanied by any legal authority, it is not consistent with other portions of the Defendant's argument.[7] This Court is simply not convinced that _Rakestraw_ controls, especially in light of the post-_Rakestraw_ authority cited above which fails to address the decision.[8]

Defendant also argues that the arbitration agreement entered into between the parties provides "that tolling applies 'from the date of the filing of the original Arbitration demand until such time as the [sic] Ms. Lewis re-files her case" if, and only if, Plaintiff instituted the action within one hundred and twenty days of dismissal of the Arbitration." Dkt. No. 83 at 8 (quoting Ex. 1).  The problem with this argument is that this is not the precise language of the parties' arbitration agreement, as it does not provide the "if, and only if" language cited above. Instead the operative language states:

> Ms. Lewis' statutes of limitations for all her claims, and those of any putative class member, to the extent the statutes of limitations had not run prior to Ms. Lewis filing her arbitration demand, are tolled from the date of the filing of the original Arbitration demand until such time as the [sic] Ms. Lewis re-files her case provided such re-filing is within 120 days of the dismissal of the AAA arbitration.

---

[7] For example, Defendant argues that arbitration - unlike cases filed in state or federal court in Georgia - is not subject to the renewal statute. Dkt. No. 83 at 6-7.  Thus, Defendant argues that arbitration is like filing an action in court under _Rakestraw's_ tolling rule, but not like filing an action in court under the Georgia renewal statute.
[8] Although Defendant argues that _Butler_ and _Anitinoro_ are narrow exceptions to the general rule set forth in _Rakestraw_, (Dkt. No. 90 at 5), neither case discussed _Rakestraw_ or the rule set forth therein.

Dkt. No. 75-1 at 3.

The Plaintiff is correct in noting that this agreement does not limit tolling if, and only if, the Plaintiff files within 120 days. Rather, the agreement merely provides that tolling will occur provided that she does file within this period.[9]

2. Plaintiff's Causes of Action

In addition to the Defendant's overarching argument regarding the tolling effect of arbitration, the Defendant has lodged other attacks at the Plaintiff's specific causes of action set forth in her Second Amended Complaint. The Court addresses these arguments below.

A. *Georgia Uniform Deceptive Trade Practices Act*

Count I of Plaintiff's Second Amended Complaint seeks relief under the Georgia Uniform Deceptive Trade Practices Act (UDTPA) O.C.G.A. §§ 10-1-370 et. seq. Deceptive trade practices include representing "that goods or services have ... characteristics, ingredients, uses, [or] benefits ... that they do not have," and representing "that goods or services are of a particular standard, quality, or grade ... if they are of another." O.C.G.A. § 10-1-372(a)(5), (a)(7). Defendant argues that the UDTPA is not applicable to the facts of this case,

---

[9] Of course, a prudent and much preferable course of action for the Plaintiff would have been to file within the 120 days set forth in the binding agreement.

AO 72A
(Rev. 8/82)

because the UDTPA was intended to have a restricted application to the unregulated consumer marketplace.

Whether or not the UDTPA applies in this context, the Plaintiff's claim must fail. "The sole remedy available under the [UDTPA] is injunctive relief." Moore-Davis Motors, Inc. v. Joyner, 556 S.E.2d 137, 140 (Ga. Ct. App. 2001). An injunction is only available to remedy future wrongs "'and does not afford a remedy for what is past.'" Catrett v. Landmark Dodge, Inc., 560 S.E.2d 101, 106 (Ga. 2002) (quoting Hunter v. George, 458 S.E.2d 830, 832 (Ga. 1995)). Plaintiff does not allege how she will be damaged in the future absent an injunction targeted at the Defendant's deceptive practices regarding its product. Likewise, Plaintiff's claim for relief is based entirely on past wrongs. This Court has held that a claim under the UDTPA is not actionable under circumstances such as these. See Terrill v. Electrolux Home Products, Inc., 753 F. Supp. 2d 1272, 1291 (S.D. Ga. 2010). Thus, the Plaintiff's claim under the UDTPA is **DISMISSED**.

   *B. Unjust Enrichment*

"Unjust enrichment is an equitable concept and applies when as a matter of fact there is no legal contract, but when the party sought to be charged has been conferred a benefit by the party contending an unjust enrichment which the benefitted party

AO 72A
(Rev. 8/82)

equitably ought to return or compensate for." <u>Wachovia Ins.</u>
<u>Servs., Inc. v. Fallon</u>, 682 S.E.2d 657, 665 (Ga. App. Ct. 2009)
(internal quotations and citations omitted).  Defendant makes
two primary arguments as to why Plaintiff's claim for unjust
enrichment is subject to dismissal: (1) having pled the
existence of a valid contract in the original complaint,
Plaintiff cannot now seek equity for recovery, and (2) this
claim is barred by the applicable statute of limitation. Dkt.
No. 83 at 18-20.  Both of the Defendant's arguments fail, and
the Plaintiff's unjust enrichment claim is not subject to
dismissal at this time.

The Plaintiff's Second Amended Complaint, unlike her
original complaint, does not plead both a breach of contract
claim and an unjust enrichment claim.  Pursuant to the Federal
Rules of Civil Procedure "'an amended complaint supersedes the
initial complaint and becomes the operative pleading in the
case.'"  <u>Krinsk v. SunTrust Banks, Inc.</u>, 654 F.3d 1194, 1202
(11th Cir. 2011) (quoting <u>Lowery v. Ala. Power Co.</u>, 483 F.3d
1184, 1219 (11th Cir. 2007)).  The Court is currently analyzing
the Plaintiff's Second Amended Complaint to determine whether it
states a claim upon which relief can be granted.  Thus, the
Defendant's arguments regarding Plaintiff's original complaint
are unavailing.

AO 72A
(Rev. 8/82)

Furthermore, the Plaintiff's unjust enrichment claim is not barred by the applicable statute of limitation. In Georgia, the statute of limitation for unjust enrichment is four years. Renee Unlimited, Inc., 687 S.E.2d at 237. Plaintiff's cause of action accrued in May of 2005 when she purchased the home at issue. She filed suit in February of 2010. While this period exceeds four years, the applicable statute of limitation was tolled from April 28, 2008 until July 15, 2009, while her claims were pending in arbitration. Taking into account this tolling effect the Plaintiff filed her unjust enrichment claim within the four-year statute of limitation. Thus, Plaintiff is not barred from asserting a claim for unjust enrichment.

### C. Misrepresentation by Concealment

Defendant's only challenge to Count IV of Plaintiff's Second Amended Complaint, misrepresentation by concealment, is that it is barred by the applicable statute of limitation. Dkt. No. 83 at 21. For the exact same reasons stated above in the Court's discussion of Plaintiff's unjust enrichment claim, the Plaintiff's claim for misrepresentation by concealment is not barred by the applicable statute of limitation. O.C.G.A. § 9-3-31.

AO 72A
(Rev. 8/82)

*D. Georgia Fair Business Practices Act*

In contrast to the other claims asserted in Plaintiff's Second Amended Complaint, Plaintiff's Fair Business Practices Act (FBPA) claim is subject to a two-year statute of limitation as opposed to a four-year statute of limitation. See O.C.G.A. § 10-1-401(a)(1) (stating that no action shall be brought under the FBPA "[m]ore than two years after the person bringing the action knew or should have known of the occurrence of the alleged violation"). Thus, the statute of limitation expired on this claim even before the Plaintiff filed for arbitration on April 28, 2008. This is because the statute of limitation began in May of 2005 when the Plaintiff purchased the home from the Defendant "and should have known of the occurrence of the alleged violation" under the FBPA. Id. Consequently, tolling during the pendency of arbitration does not salvage this claim as the applicable statute of limitation ran in May of 2007.[10]

Furthermore, Plaintiff's contention that the statute of limitation was tolled by the Defendant's fraud does not change this result. First, this Court has already considered and rejected Plaintiff's argument that an applicable statute of limitation was tolled by fraud. Dkt. No. 27 at 22. Moreover, the Court explicitly directed the Plaintiff that she was

---

[10] Plaintiff's argument that this claim relates back to her original complaint are irrelevant, as at the time the original complaint was filed, February 3, 2010, her FBPA claim had clearly expired.

AO 72A
(Rev. 8/82)

provided leave to amend her First Amended Complaint and "add[]
only factual allegations regarding the arbitration as it relates
to the timeliness" of certain claims asserted in the First
Amended Complaint. Dkt. No. 77 at 11. Plaintiff's additional
factual allegations regarding fraud in no way fall under this
allowance.

However, even if the Court had not already rejected this
argument, and even if the additional factual allegations were
proper, Plaintiff's claims were not tolled due to fraud.
Pursuant to O.C.G.A. § 9-3-96 "[i]f the defendant or those under
whom he claims are guilty of a fraud by which the plaintiff has
been debarred or deterred from bringing an action, the period of
limitation shall run only from the time of the plaintiff's
discovery of the fraud." To warrant tolling under this statute
Georgia courts have held a plaintiff must establish three
things: "(1) the defendant committed actual fraud involving
moral turpitude, (2) the fraud concealed the cause of action
from the plaintiff, and (3) the plaintiff exercised reasonable
diligence to discover his cause of action despite his failure to
do so within the applicable statute of limitation." Cochran Mill
Assocs. v. Stephens, 648 S.E.2d 764, 767 (Ga. Ct. App. 2007).

As the Defendant points out, the Plaintiff's Second Amended
Complaint is devoid of any factual allegations demonstrating
that the Plaintiff exercised reasonable diligence to discover

her alleged cause of action. Dkt. No. 83 at 7. In response to this argument, Plaintiff contends that the Defendant's fraud could not have been discovered. Dkt. No. 86 at 11. However, Plaintiff has alleged no facts which bespeak diligence on her behalf to discover the causes of action. Plaintiff's argument that she was unable to discover the defective insulation, or that it was impossible, has also been rejected by this Court. Dkt. No. 77 at 7. Nothing kept Plaintiff from discovering the allegedly defective insulation within the statute of limitation, and nothing in Plaintiff's Amended Complaint alleges that she ever attempted to discover this alleged defect. Id. at 7-8. Plaintiff still does not claim there was any change in condition rendering the discovery of the alleged defect impossible during the statute of limitation, but possible when she actually submitted her claim to arbitration. Plaintiff could have just as easily discovered the problems in the house during the statute of limitation as she did after.

Furthermore, a flaw in this argument pointed out to Plaintiff in the Court's Order regarding Plaintiff's original complaint remains. Dkt. No. 27. That is, Plaintiff's Second Amended Complaint still relies on conclusory allegations, as opposed to pointing to specific actions taken by the Defendant designed to deter her from bringing her claim. Id. at 22. None of the allegations set forth in Plaintiff's Second Amended

23

Complaint involve specific actions taken by the Defendant which prevented Plaintiff from discovering fraud. Thus, Plaintiff's allegations are insufficient under Federal Rule of Civil Procedure 9(b) to provide a plausible basis for tolling. Consequently, Plaintiff's claim under the Georgia FBPA is **DISMISSED** as it is barred by the applicable two-year statute of limitation.

**CONCLUSION**

For the reasons stated above, the Defendant's Motion to Dismiss the Plaintiff's Second Amended Complaint is **GRANTED in part** and **DENIED in part**. The Defendant's Motion is **GRANTED** as to Plaintiff's Georgia Uniform Deceptive Trade Practices Act Claim and Plaintiff's Georgia Fair Business Practices Act claim, and is **DENIED** as to Plaintiff's unjust enrichment claim and Plaintiff's misrepresentation by concealment claim.

**SO ORDERED**, this 16th day of August, 2012.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)